UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA COOLEY, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>THE NATIVE, S.A.,<br><br>*Defendant*. | No.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Lisa Cooley LLC ("LCLLC" or "Plaintiff"), by and through undersigned counsel, as and for its Complaint against Defendant The Native, S.A., ("The Native" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action payment based on a written Guaranty (the "Guaranty") executed by The Native as Guarantor concerning payment obligations of a now-bankrupt entity named P8H, Inc., d/b/a Paddle 8 ("Paddle 8") under a sublease between LCLLC as sublessor and Paddle 8 as subtenant (the "Sublease"). As a result of its bankruptcy filing Paddle 8 has defaulted in its payment obligations under the Sublease, thereby triggering The Native's obligations under the Guaranty.

## PARTIES, JURISDICTION AND VENUE

2. LCLLC is a New York limited liability company with a principal place of business in Brooklyn, New York.

3. The Native is a Société Anonyme organized under the laws of Switzerland. On information and belief its principal place of business is at Rue Du Grand Chene 9, l003, Lausanne, Switzerland.

4. This Court has personal jurisdiction over The Native because in the Guaranty The Native (a) "irrevocably consent[ed] and submit[ted] to the jurisdiction of any Federal or state court sitting in The State of New York in respect to any action or proceeding brought therein by Sublessor against Guarantor concerning any matters arising out of or in any way relating to this Guaranty"; and (b) "irrevocably waive[d] personal service of any summons and complaint and consent[ed] to the service upon it of process in any such action or proceeding by transmittal of process to Guarantor (i) at the address set forth herein by any recognized international courier service so as to be received within five (5) Business Days of transmittal and/or (ii) upon Zukerman Gore Brandeis & Grossman, LLP, a law firm having offices in Manhattan, New York, which firm Guarantor irrevocably designate[ed] to accept service of any process on Guarantor's behalf, and hereby agree[d] that such service shall be deemed sufficient."

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is between a citizen of New York and a citizen of Switzerland and the amount in controversy exceeds $75,000, exclusive of interest.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because Defendant irrevocably consented in the Guaranty to laying venue in this District.

## FACTUAL ALLEGATIONS

7. In the Sublease, dated as of March 13, 2018, LCLLC sublet the premises located at 107 Norfolk Street in Manhattan to Paddle 8.

8. To induce LCLLC to enter into the Sublease, The Native executed the Guaranty, also dated as of March 13, 2018. The Guaranty is annexed as **Exhibit 1** to this Complaint.

9. In relevant part, the Guaranty provided that The Native "absolutely and unconditionally guarantees the payment and performance when due by P8H, INC. (d/b/a Paddle 8), a Delaware corporation ("Subtenant") of obligation for payment of fixed rent, additional rent and any sum due under the Sublease."

10. On or about March 16, 2020, Paddle 8 filed a petition for relief in the United States Bankruptcy Court for the Southern District of New York (Case No. 20-10809-smb) under Chapter 11 of the United States Bankruptcy Code.

11. Paddle 8 initially intended to reorganize as debtor-in-possession. However, within several weeks of the initial filing, a Chapter 11 trustee was appointed.

12. The trustee informed LCLLC that Paddle 8 would cease operation at the close of the bankruptcy case and that she would seek permission of the Bankruptcy Court to reject the Sublease.

13. The trustee duly filed a motion to reject the Sublease (and other unrelated executory contracts) on May 29, 2020. The Bankruptcy Court granted the motion on June 10, 2020.

14. Paddle 8 ceased paying rent due under the Sublease following the payment due March 1, 2020. Its failure to pay rent subsequently and then to reject the Sublease constitutes an

act of default, and under the terms of the Sublease, accelerated all of its financial obligations under the Sublease through the date the Sublease was to terminate according to its terms (September 29, 2022).

15. Paddle 8's total unpaid financial obligations under the Sublease total not less than $679,646.98, exclusive of interests and costs. As a result of the Guaranty, The Native is liable to LCLLC for that entire amount.

16. The Guaranty further provides that The Native is liable for all of LCLLC's "costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with the enforcement of this Guaranty."

## CLAIM FOR RELIEF

17. Plaintiff repeats and re-alleges each allegation set forth in Paragraphs 1 through 16 of this Complaint as if set forth fully herein.

18. As a result of Paddle 8's default under the Sublease, The Native is liable to LCLLC under the terms of the Guaranty for an amount to be determined at trial, but not less than $679,646.98, plus interest, costs and expenses

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands judgment for the following relief:

A. Money damages to be determined at trial, but not less than $679,646.98

B. Plaintiff's full costs, including litigation expenses, interest, and any other amounts authorized under law and under the terms of the Guaranty, and attorneys' fees incurred in pursuing and litigating this matter; and

C. For such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all matters properly tried before a jury.

Dated: New York, New York
      July 27, 2020

        STROPHEUS LLC


        s/ Ronald Adelman

        Ronald Adelman

        60 East 42nd Street, Suite 4600
        New York, New York 10022
        T: (917) 688-2304
        Ronald.Adelman@Stropheus.com

        *Attorneys for Plaintiff*