UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA COOLEY, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>THE NATIVE, S.A.,<br><br>*Defendant*. | No. 20-cv-5800 (VEC) |

### DECLARATION OF RONALD ADELMAN IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT

RONALD ADELMAN, under penalty of perjury, declares as follows:

1. I am the attorney for Plaintiff Lisa Cooley LLC ("LCLLC") in this action. I make this declaration on support of the application of LCLLC by Order to Show Cause for a Default Judgment in this action against Defendant The Native, S.A. ("The Native"), who is the only defendant in this action.

### FACTUAL BACKGROUND

2. Paragraphs 3 through 13 of this Declaration are derived from the Complaint, which is attached as Exhibit A hereto. "When a party defaults, they are generally deemed to admit all well-pleaded claims, except for those dealing with damages." *Corley v. Vance*, No. 15 Civ. 1800 (KPF), 2020 U.S. Dist. LEXIS 48696, *4 (S.D.N.Y. Mar. 20, 2020) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997)).

3. This is an action payment based on a written Guaranty (the "Guaranty") executed by The Native as Guarantor concerning payment obligations of a now-bankrupt entity named P8H, Inc., d/b/a Paddle 8 ("Paddle 8") under a sublease for the building located at 107 Norfolk Street in Manhattan between LCLLC as sublessor and Paddle 8 as subtenant (the "Sublease"). As a result of its bankruptcy filing Paddle 8 has defaulted in its payment obligations under the Sublease, thereby triggering The Native's obligations under the Guaranty. The Guaranty was appended to the Complaint and is submitted as part of Exhibit A. In the Sublease, dated as of March 13, 2018, LCLLC sublet the premises located at 107 Norfolk Street in Manhattan to Paddle 8.

4. To induce LCLLC to enter into the Sublease, The Native executed the Guaranty, also dated as of March 13, 2018. The Guaranty is annexed to the Complaint.

5. In relevant part, the Guaranty provided that The Native "absolutely and unconditionally guarantees the payment and performance when due by P8H, INC. (d/b/a Paddle 8), a Delaware corporation ("Subtenant") of obligation for payment of fixed rent, additional rent and any sum due under the Sublease."

6. On or about March 16, 2020, Paddle 8 filed a petition for relief in the United States Bankruptcy Court for the Southern District of New York (Case No. 20-10809-smb) under Chapter 11 of the United States Bankruptcy Code.

7. Paddle 8 initially intended to reorganize as debtor-in-possession. However, within several weeks of the initial filing, a Chapter 11 trustee was appointed.

8. The trustee informed LCLLC that Paddle 8 would cease operation at the close of the bankruptcy case and that she would seek permission of the Bankruptcy Court to reject the Sublease.

9. The trustee duly filed a motion to reject the Sublease (and other unrelated executory contracts) on May 29, 2020. The Bankruptcy Court granted the motion on June 10, 2020.

10. Paddle 8 ceased paying rent due under the Sublease following the payment due March 1, 2020. Its failure to pay rent subsequently and then to reject the Sublease constitutes an act of default, and under the terms of the Sublease, accelerated all of its financial obligations under the Sublease through the date the Sublease was to terminate according to its terms (September 29, 2022).

11. Paddle 8's total unpaid financial obligations under the Sublease total not less than $679,646.98, exclusive of interests and costs. As a result of the Guaranty, The Native is liable to LCLLC for that entire amount.

12. The Guaranty further provides that The Native is liable for all of LCLLC's "costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with the enforcement of this Guaranty."

## DISCUSSION

13. The basis for this Court's subject matter jurisdiction is 28 U.S.C. § 1332, because it is between a citizen of New York and a citizen of Switzerland and the amount in controversy exceeds $75,000, exclusive of interest.

14. With respect to venue, personal jurisdiction and service of process, the key provision of the Guaranty is as follows (emphasis added):

> Guarantor [The Native] hereby (a) irrevocably consents and submits to the jurisdiction of any Federal or state court sitting in The State of New York in respect to any action or proceeding brought therein by Sublessor [LCLLC] against Guarantor concerning any matters arising out of or in any way relating to this Guaranty; (b) ***irrevocably waives personal service of any summons and complaint and consents to the service upon it of process in***

3

*any such action or proceeding by transmittal of process to Guarantor (i) at the address set forth herein by any recognized international courier service so as to be received within five (5) Business Days of transmittal and/or (ii) upon Zukerman Gore Brandeis & Grossman, LLP, a law firm having offices in Manhattan, New York, which firm Guarantor irrevocably designates to accept service of any process on Guarantor's behalf, and hereby agrees that such service shall be deemed sufficient* (c) irrevocably waives all objections as to venue and any and all rights it may have to seek a change of venue with respect to any such action or proceedings; (d) agrees that the laws of the State of New York shall govern in any such action or proceeding and waives any defense to any action or proceeding granted by the laws of any other country or jurisdiction unless such defense is also allowed by the laws of the State of New York; and (e) agrees that any final judgment rendered against it iii any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law.

15.     I commenced this action on behalf of LCLLC on July 27, 2020. On August 4, 2020, I served the summons and complaint in compliance with the highlighted provision by sending the Summons and Complaint, along with a copy of the Individual Rules of Judge Valerie A. Caproni and the notice of a preliminary conference issued by the Court, by FedEx. The file-stamped proof of service (ECF No. 7), which includes confirmation of delivery and signature by FedEx, is attached as Exhibit B.

16.     Although not required by the Guaranty , I took the added step of sending a copy of the same papers by email on August to Jeffrey Zukerman, Esq. (jzukerman@zukermangore.com), a principal at Zukerman Gore Brandeis & Crossman, LLP (the "Zukerman Firm"), the law firm designated by The Native for receipt of service of process. A copy of this email was filed as part of the proof of service.

17.     As of the date of this declaration, no person on behalf of The Native has answered, moved to dismiss or otherwise appeared in this action. The Native is therefore clearly

in default. At the request of LCLLC the Southern District Clerk's Office issued a Certificate of Default. The Certificate is attached as Exhibit C and is ECF No. 12.

18. There is no question that The Native received actual notice of this case. On September 21, 2020, I received by email a letter from John Crossman, who like Mr. Zukerman is a named partner at the Zukerman Firm. Mr. Zukerman and The Native were copied on the letter, and it begins by stating that "[w]e represent The Native SA."

19. The letter (Exhibit D hereto), acknowledged that it had received the papers identified in Paragraph 5 above, including the Summons and Complaint, on August 4, 2020. The letter claimed that the Guaranty is invalid because it was not executed in accordance with the internal governance procedures of The Native. Putting aside the fact that these procedures were not disclosed to LCLLC (the letter does not claim otherwise), it is an attempt to contradict the well-pleaded allegation in the Complaint that the Guaranty was binding on The Native. A review of the Guaranty itself supports the contention that it was valid and binding. It was not only signed by the chairman of The Native, but that signature was notarized by none other than Mr. Zukerman himself. The letter did not claim that it was ***not*** executed by its Chairman, or that Mr. Zukerman did not notarize the signature. It is therefore astonishing that The Native (and its attorneys) now claim the Guaranty does not bind it. If true, it deliberately deceived LCLLC, and would be answerable to claims sounding in fraud and/or apparent authority.

20. In any event, however, The Native could have certainly asserted that position in an answer or motion to dismiss for lack of personal jurisdiction. Instead, it made a deliberate decision to default. "When a party defaults, they are generally deemed to admit all well-pleaded claims, except for those dealing with damages." *Corley v. Vance*, No. 15 Civ. 1800 (KPF), 2020 U.S. Dist. LEXIS 48696, *4 (S.D.N.Y. Mar. 20, 2020) (citing *Transatlantic Marine Claims*

*Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997)). Accordingly, it has conceded that the Guaranty is binding on it.

21. The Complaint alleged monetary damages of $679,646.98, representing the amount owed by Paddle 8 under the sublease. LCLLC is also entitled to "all costs and expenses incurred by Sublessor in connection with the enforcement of this Guaranty, including, without limitation, reasonable attorneys' fees." We recognize that these sums are not liquidated (and depend in part on the proceedings in the Bankruptcy Court),[1] and that the amount of damages will likely be referred to an inquest for calculation. The Proposed Order submitted with this Application makes note of that fact.

22. In accordance with Local Civil Rule 55.2(c) we are simultaneously sending a copy of all papers submitted to the Court to Messrs. Zukerman and Crossman by Priority Mail. Given that the Zukerman Firm has acknowledged that it is actively representing The Native in this matter, we believe that this is the quickest and most efficient way of providing the papers to The Native, whose street address in Lausanne, Switzerland listed in the Complaint may or may not be current.

23. For all of the foregoing reasons, LCLLC respectfully requests that the Court enter a default judgment against The Native.

Dated: New York, New York
        October 9, 2020

                                                                                                s/Ronald Adelman

---

[1] LCLLC has a priority administrative claim for the rent pre-rejection and a general unsecured claim for the rent post-rejection. The chances of recovering the latter are virtually nil.