UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA COOLEY, LLC,

*Plaintiff*,

v.

THE NATIVE, S.A.,

*Defendant*.

No. 20-CV-5800 (VEC)

**CLERK'S CERTIFICATE OF DEFAULT**

    I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on July 27, 2020, with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant The Native, S.A. on August 4, 2020 by service upon defendant in accordance with the Guaranty at issue in this case, and proof of service was therefore filed on August 27, 2020 (ECF No 7).

    I further certify that the docket entries indicate that the defendant(s) has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York
       October  5 , 2020

                              RUBY J. KRAJICK
                              Clerk of Court

                              By:_____

# GUARANTY

For value received, THE NATIVE SA, having an office at Rue Du Grand Chene 9, 1003 Lausanne, Switzerland ("Guarantor"), absolutely and unconditionally guarantees the payment and performance when due by P8H, INC. (d/b/a Paddle8), a Delaware corporation ("Subtenant") of obligation for payment of fixed rent, additional rent and any sum due under the Sublease (the "Sublease Obligations") of Subtenant pursuant to that certain Agreement of Sublease dated as of the 13th day of March, 2018, by and between LISA COOLEY, LLC ("Sublessor"), having an address at [redacted],Brooklyn, New York 11217, and Subtenant, whereby Subtenant has leased from Sublessor the entire building located at 107 Norfolk Street, New York, New York 10002 (the "Demised Premises"), as the same may hereafter be amended, modified, renewed, or extended from time to time (the "Sublease") applicable to Subtenant, with the same force and effect as if a signatory thereto and liable thereunder with Subtenant, and the full and prompt payment of all damages and expenses that may arise in connection with or as a consequence of the non-payment, non-performance or non-observance of such terms, covenants, conditions and agreements, in each and every instance without requiring any notice of non-payment, non-performance or non-observance or proof or notice or demand whereby to charge Guarantor therefor, all of which Guarantor hereby expressly waives. Guarantor further hereby agrees to pay, within five (5) days upon demand, all of Sublessor's costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with the enforcement of this Guaranty.

This Guaranty is a continuing one and shall terminate only upon the full payment of all Sublease Obligations of Subtenant with respect to the Sublease. Sublessor may continue to rely on this Guaranty remaining in force.

As a further inducement to Sublessor to enter into the Sublease and in consideration thereof, Guarantor covenants and agrees that, in any action or proceeding brought by either Sublessor or Guarantor against the other on any matters whatsoever arising out of, under, or by virtue of the terms of the Sublease or of this Guaranty, Sublessor and Guarantor shall and do hereby waive trial by jury. Guarantor does hereby further covenant and agree to and with Sublessor that Guarantor may be joined in any action against Subtenant in such action or in any independent action against Guarantor without Sublessor first pursuing or exhausting any remedy or claims against Subtenant or its successors or assigns. Notwithstanding anything herein to the contrary, Sublessor may not proceed against Guarantor unless it has provided Subtenant with notice of a default and an opportunity to cure, only if the Sublease provides for an opportunity to cure. Guarantor also agrees that, in any jurisdiction, it will be conclusively bound by the judgment in any such action by Sublessor against Subtenant wherever brought as if Guarantor were a party to such action, even though Guarantor is not joined as a party in such action.

Guarantor hereby authorizes the parties to the Sublease without notice or demand and without affecting Guarantor's liability hereunder, to:

        a. change any of the terms, covenants, conditions or provisions of the Sublease;

        b. amend, modify, change or supplement the Sublease; and

     c. consent to Subtenant's assignment or other transfer of its interest in the Sublease.

  Guarantor waives any right to require Sublessor:

    a. to pursue any other remedy in Sublessor's power whatsoever; and/or

    b. to notify Guarantor of any default by Subtenant in the performance of any term, covenant or condition required to be kept, observed or performed by Subtenant.

  Guarantor waives all presentments, demands for performance, notices of nonperformance, protests, notices of dishonor and notices of acceptance of this Guaranty.

  The obligations of the Guarantor hereunder are independent of the obligations of Subtenant under the Sublease. Sublessor, at its option, may proceed in the first instance against the Guarantor to collect any obligation covered by this Guaranty, whether or not an action is brought against Subtenant, or any other person, firm or corporation, or whether or not Subtenant be joined in any such action or actions.

  The whole of this Guaranty is herein set forth, and there is no verbal or written agreement, and no understanding or custom affecting the terms hereof. This Guaranty can be modified only by a written instrument signed by the party to be charged therewith.

  Any notice of other communication hereunder must be in writing and will be deemed duly served on the date it is mailed by registered or certified mail in any post office station or letter box in the continental United States or via overnight courier service, addressed if to Guarantor, to the address of Guarantor set forth herein or such other address as Guarantor shall have last designated by notice to Sublessor, and addressed if to Sublessor, to it at [redacted]. Brooklyn, New York 11217, with a copy to Sublessor's counsel at the following address:

    Olshan Frome Wolosky LLP
    1325 Avenue of the Americas,
    New York, New York 10019
    Attn: Thomas D. Kearns, Esq.

or at such other address as Sublessor shall have last designated by notice to Guarantor.

The Guaranty is an absolute, unconditional and continuing guaranty of payment of all Sublease Obligations, and is enforceable against Guarantor without regard to the enforceability of any of the Sublease Obligations against Subtenant. Provided and on the condition there exists no default under the Sublease by Subtenant on the Vacate Date, Guarantor's liability pursuant to this Guaranty shall be limited to: (X) the sum of the Sublease Obligations which accrue up to the date that is sixty (60) days after the last to occur of: (such date, the "Surrender Date"): (a) Subtenant vacating the Subleased Premises; (b) Subtenant removing its property from the Subleased Premises; (c) Subtenant delivering the keys to Sublessor and surrendering the Subleased Premises in the condition required under the Sublease, and (d) the expiration of sixty (60) days after Subtenant has given Sublessor written notice pursuant to the terms of the Sublease that it will surrender possession of the Subleased Premises, and (Y) all costs and expenses incurred by Sublessor in connection with the enforcement of this Guaranty, including, without limitation, reasonable attorneys' fees. Guarantor waives any defense to Guarantor's obligations under this Guaranty based upon any such act or event and acknowledges that it is the purpose and intent of Guarantor and Sublessor that the obligations of Guarantor under this Guaranty shall be absolute and unconditional under all circumstances. Guarantor's obligations under this Guaranty shall be unaffected by any change in the provisions of any agreement, instrument, or document evidencing or affecting any of the Sublease Obligations, by any extension of time for payment or performance of any of the Sublease Obligations, by failure of Sublessor to perfect any security for payment or performance of any of the Sublease Obligations, by any partial or full release of any security for payment or performance of any of the Sublease Obligations, by the obtaining of any additional guarantor or any surety with respect to the Sublease Obligations, whether made with or without notice to Guarantor. The release of Subtenant from any of the Sublease Obligations as a result of any court judgment or decree (in bankruptcy, reorganization, or otherwise) shall not relieve Guarantor of Guarantor's obligations under this Guaranty. No act of commission or omission of any kind by Sublessor (including without limitation any act or omission which impairs, reduces the value of, releases or fails to perfect a lien upon, any collateral for or guarantee of any obligations guaranteed hereby) shall affect or impair the obligations of the undersigned hereunder in any manner.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment is returned by Sublessor upon the insolvency, bankruptcy or reorganization of Subtenant or otherwise, all as though such payment had not been made.

No delay by Sublessor in exercising any of its options, powers or rights or partial or single exercise thereof shall constitute a waiver thereof. No waiver of any of Sublessor's rights hereunder and no modification or amendment of this Guaranty shall be deemed to be made by Sublessor unless the same shall be in writing, duly signed on Sublessor's behalf, and each such waiver (if any) shall apply only with respect to the specific instance involved and shall in no way impair Sublessor's rights or the obligations of the undersigned to Sublessor in any other respect at any other time. This Guaranty cannot be changed or terminated orally. In case any one or more of the provisions hereof should be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions hereof shall not be affected or impaired thereby.

Guarantor represents that this Guaranty has been properly authorized, is within its corporate powers to give, and is valid, binding and enforceable against Guarantor in accordance

with the terms hereof.

This Guaranty shall be deemed to have been made in the State of New York and shall be construed in accordance with the laws of the State of New York.

This Guaranty shall be binding on Guarantor, its successors, and assigns. This Guaranty shall be understood to be for the benefit of Sublessor and for such other person or persons as may from time to time become or be the successor Sublessor under the Sublease and this Guaranty shall be transferable to the same extent and with the same force and effect as any such Sublease may be transferable.

Guarantor hereby (a) irrevocably consents and submits to the jurisdiction of any Federal or state court sitting in the State of New York in respect to any action or proceeding brought therein by Sublessor against Guarantor concerning any matters arising out of or in any way relating to this Guaranty; (b) irrevocably waives personal service of any summons and complaint and consents to the service upon it of process in any such action or proceeding by transmittal of process to Guarantor (i) at the address set forth herein by any recognized international courier service so as to be received within five (5) Business Days of transmittal and/or (ii) upon Zukerman Gore Brandeis & Crossman, LLP, a law firm having offices in Manhattan, New York, which firm Guarantor irrevocably designates to accept service of any process on Guarantor's behalf, and hereby agrees that such service shall be deemed sufficient; (c) irrevocably waives all objections as to venue and any and all rights it may have to seek a change of venue with respect to any such action or proceedings; (d) agrees that the laws of the State of New York shall govern in any such action or proceeding and waives any defense to any action or proceeding granted by the laws of any other country or jurisdiction unless such defense is also allowed by the laws of the State of New York; and (e) agrees that any final judgment rendered against it in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law. Guarantor further agrees that any action or proceeding by Guarantor against Sublessor in respect to any matters arising out of or in any way relating to this Guaranty shall be brought only in the State of New York, County of New York. In furtherance of the foregoing, Guarantor hereby agrees that its address for notices by Sublessor and service of process under this Guaranty shall be care of Subtenant at the Demised Premises. Notwithstanding the foregoing provisions of this Paragraph, Guarantor may, by prior written notice to Sublessor, change the designated agent for acceptance of service of process to any other law firm located in the City, County and State of New York.

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of 13th March, 2018.

THE NATIVE SA

By: _____
Name: SEARSCKIO
Title: CHABRMAN

STATE OF NY )
              ) ss.:
COUNTY OF NY )

On this 7th day of Mar_____, in the year 2018, before me, the undersigned, a Notary Public in and said State, personally appeared Sergey Stafurschi personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JEFFREY D. ZUKERMAN
Notary Public, State of New York
No. 02ZU4812433
Qualified in New York County
Certificate Filed in New York County
Commission Expires Feb. 6, 20__

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 20-cv-5800

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):* On August 4, 2020, I served the complaint and related documents by Fedex on Jeffrey Zukerman of Zukerman Gore Brandeis and Crossman in accordance with the Guaranty executed by the Plaintiff. Signature confirmation of delivery om August 6, 2020 is attached.*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 08/27/2020

s/Ronald Adelman
*Server's signature*

Ronald Adelman, Attorney for Defendant
*Printed name and title*

Stropheus LLC, 60 E. 42nd St, Suite 4600
New York, NY 10165

*Server's address*

Additional information regarding attempted service, etc:

* As a further courtesy due to COVID, I sent the same papers by email on August 4, 2020 to Mr, Zukerman at jzukerman@zukermangore.com, with a copy to info@zukermangore.com



# FedEx Ship Manager®

My Profile     Logout     Help

| Ship | LTL Freight | Ship History | My Lists | Reports | Administration |

**Your Shipment Details**

| | | | |
|---|---|---|---|
| **From:** | Ronald Adelman<br>910 UNION STREET<br>1B<br>Brooklyn, NY 11215<br>US<br>9173316723 | **Ship date:**<br>**Weight:**<br>**Declared value:**<br>**Package Contents:**<br>**Document Description:**<br>**Shipment Purpose:**<br>**Invoice number:**<br>**Freight On Value:** | 08/04/2020<br>1.00 LBS<br>0.00 USD |
| **To:** | Jeffrey Zukerman<br>Zukerman Gore Brandeis & Crossman<br>11 Times Square<br>15th Floor<br>NEW YORK, NY 10036<br>US<br>212.223.6700 | **Pricing Option:**<br>**Service type:**<br>**Package type:**<br>**Pickup/Drop Off:**<br>**Dimensions:**<br>**Shipper account number:**<br>**Bill transportation to:**<br>**Status** | FedEx Standard Rate<br>FedEx Ground<br>Your Packaging<br>Drop off package at FedEx location<br>9 x 12 x 1 in<br>My Account - 492-492<br>My Account - 492-492<br>Not closed |
| **Tracking no.:** | 771170101000 | **Courtesy rate quote:***<br>**Published rates:**<br>**Effective net discount:**<br>**Discounted variable %:**<br>**List variable %:**<br>**Special services:**<br>**Shipment type:**<br>**Commercial/Residential Status:** | 8.70 USD<br>8.70<br>0.00<br><br><br><br>Ground<br>Commercial |

Print    Track    Return to History

**Please note :**
. * The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.
**IMPORTANT:** At the end of each business day, select "Ground End of Day Close" to transmit yourshipping data. Then, print the Pickup Manifest that appears. This document is required when your shipment is tendered to FedEx. To access the "Ground End of Day Close" button, click the "Go to next steps" button on the shipping label screen, or click the "Track/History tab.

**NOTE:** Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide and applicable tariff, available upon request.

**OUR COMPANY**

About FedEx

Our Portfolio

Investor Relations

Careers

FedEx Blog

Corporate Responsibility

Newsroom

Contact Us

**MORE FROM FEDEX**

FedEx Compatible

Developer Resource Center

FedEx Cross Border

**LANGUAGE**

Change Country



# 771170101000 

  

## Delivered
## Thursday 8/06/2020 at 1:56 pm



**DELIVERED**

Signed for by: Signature on File

**GET STATUS UPDATES**

**OBTAIN PROOF OF DELIVERY**

| FROM | TO |
|---|---|
| BROOKLYN, NY US | NEW YORK, NY US |

## Shipment Facts

| TRACKING NUMBER | SERVICE | WEIGHT |
|---|---|---|
| 771170101000 | FedEx Ground | 1 lbs / 0.45 kgs |
| **DELIVERY ATTEMPTS** | **TOTAL PIECES** | **TERMS** |
| 1 | 1 | Shipper |
| **PACKAGING** | **STANDARD TRANSIT** | **SHIP DATE** |
| Package | 8/06/2020 | Wed 8/05/2020 |

**ACTUAL DELIVERY**
Thu 8/06/2020 1:56 pm

## Travel History

Local Scan Time 

**Thursday , 8/06/2020**

| 1:56 pm | New York, NY | Delivered |
| | | Signature on file |
| 3:57 am | MASPETH, NY | On FedEx vehicle for delivery |
| 3:10 am | MASPETH, NY | At local FedEx facility |

**Wednesday , 8/05/2020**

| 9:43 pm | MASPETH, NY | Arrived at FedEx location |
| 3:32 pm | MASPETH, NY | Picked up |

# Ronald Adelman

| | |
|---|---|
| **From:** | Ronald Adelman |
| **Sent:** | Tuesday, August 4, 2020 10:36 AM |
| **To:** | 'jzukerman@zukermangore.com' |
| **Cc:** | 'info@zukermangore.com' |
| **Subject:** | Initiating papers for Lisa Cooley LLC v. The Native SA, 20-cv-5800 (VEC) (SDNY) |
| **Attachments:** | 2020-07-27 File stamped complaint and exhibit.pdf; 2020-07-28 Executed summons.pdf; 2020-07-29 Prelim. conf. notice.pdf; VEC External Practices in Civil Cases (2020-01-30) - Updated Sealing Instructions_0.pdf |

Dear Mr. Zukerman,

With respect to the referenced action are the (1) summons, (2) complaint with exhibit, (3) notice of preliminary conference on September 18, and (4) Individual Rules of Judge Valerie Caproni. Pursuant to the Guaranty executed by your client, The Native SA (which is the exhibit attached to the complaint), official service will be made by FedEx delivery to you unless you respond that such service is unnecessary. However, in light of continuing office closures, I wanted to make sure you got an electronic copy as well.

Very truly yours,

STROPHEUS ART LAW
Ronald W. Adelman, Esq.
Of Counsel
60 E 42ND ST STE 4600
New York, NY 10165-0006
Main +1 (917) 675 3201
Direct    (917) 338-4898
Fax       (917) 534-6306

1