# ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP

Eleven Times Square  212.223.6700
New York, New York  10036  212.223.6433 *fax*

www.zukermangore.com

September 21, 2020

**Via Email**

Stropheus Art Law
Ronald W. Adelman, Esq.
Of Counsel
60 E 42nd Street, Ste 4600
New York, NY 10165-0006

**Re**:   Lisa Cooley LLC v. The Native SA

Dear Mr. Adelman:

We represent The Native SA. We are informed that you are in the process of attempting to commence an action against our client in New York concerning a purported guarantee allegedly executed by the Native, and that by e-mail dated August 4, 2020, you have requested that our office accept service of process in the matter. We write to inform you why our office cannot accept service.

We are informed that no valid guaranty was ever executed by The Native. To begin with, the purported guaranty attached to your complaint is signed by only one person. As you should know, the Articles of Association and the data entered in the Commercial Register of The Native requires that any legal action must be signed by two authorized representatives in order to bind the Company. Given that your document bears only one signature, on its face it does not bind The Native.

In addition, we observe that even the notary's acknowledgement on the purported guaranty does not state that the signatory represented that he was acting pursuant to authority conferred upon him by the Board of Directors of The Native. Thus, it appears that there is not even evidence that the sole signatory was himself authorized to sign this document as one of the two required signatures. Accordingly, it would seem that there is not sufficient evidence of even *one* properly authorized signatory, when in any case two such signatories are required to bind the company, as discussed above.

ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP

Ronald W. Adelman, Esq.
September 21, 2020
Page 2

These defects are not mere technicalities. First, under Swiss law, we are informed, such signing requirements are binding and control. Second, as a practical matter, we understand that the Board of Directors of our client had no actual knowledge of the purported guaranty until you attached it to your complaint. Therefore, it appears that not only is the Guaranty insufficiently executed, it was also not ever presented to, or authorized by, the Board.

Because the purported guaranty is a legal nullity, not only does your claim fail on the merits, but your attempt to allege that our client has submitted to jurisdiction in New York – pursuant to the terms of the unenforceable purported guaranty – also fails. Likewise your effort to employ a contractually created method of service of process also fails, since the alleged contract upon which you rely does not bind our client; indeed, it would appear that it does not even constitute a contract, given the insufficiency of its execution.

Under these circumstances, I am sure you an appreciate that our client, a foreign national not subject to jurisdiction in New York, cannot agree to your proposal. To the contrary, any appearance that our client might choose to make (if indeed it should choose to appear at all), would only be a special appearance for the limited purpose of establishing the lack of jurisdiction over it.

Incidentally, you may also be interested in knowing that our client informs us that it was itself recently declared bankrupt during insolvency proceedings in Switzerland.

We trust this puts an end to your efforts to sue The Native SA in New York.

Very truly yours,

John K. Crossman

cc:    The Native, SA
       Jeffrey D. Zukerman, Esq.