UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA COOLEY, LLC | |
| Plaintiff, | No. 20-cv 5800 (VEC) |
| V. | DECLARATION OF CHRISTIAN EICH IN OPPOSITION |
| THE NATIVE SA | TO ORDER TO SHOW CAUSE SEEKING ENTRY OF A |
| Defendant. | DEFAULT JUDGMENT |

I, Christian Eich, declare and state under 28 U.S.C. § 1746 as follows:

1. I submit this declaration in opposition to the application filed by the plaintiff, Lisa Cooley, LLC ("Plaintiff"), seeking a default judgment against the defendant, The Native SA ("Defendant"). I submit this declaration based on my own personal knowledge, including my knowledge of Swiss law, and subject to the special appearance being made by Defendant to contest jurisdiction and service of process.

2. As I explain below, the guarantee cited by Plaintiff cannot subject the Defendant to jurisdiction, and cannot authorize alternate means of service, because the guarantee was not signed by authorized representatives of Defendant. Under Swiss law, to bind the Defendant corporation, a purported agreement must be signed by *two* duly authorized representatives. This requirement is publicly stated in the applicable Swiss Commercial Register of companies.

3. I am a partner in the law firm Balex Ltd., Attorneys at Law & Notaries, which has offices in Basel-Stadt, Basel-Landschaft, and Aargau, Switzerland. I was educated at the University of Basel. Since 2002, I have been a practicing attorney in Switzerland. In my practice, I advise clients on a wide range of corporate matters, including contract law matters, mergers, and acquisition transactions.

4. I was born in Basel, Switzerland. I am fluent in English, German, and French.

1

5.      I am familiar with the Defendant based upon legal services that I provided to it on a case to case basis over the course of the last three years. In the course of my work for the Defendant, I have become familiar with its organizational documents, including the information that Defendant maintains in the Swiss Commercial Register.

6.      Under Swiss law, every corporation must be registered in the Commercial Register in order to come into existence as a legal entity. Defendant was first registered in 2009.

7.      The Government of each Canton of Switzerland (comparable to a State in the United States) maintains the Commercial Registry for the companies registered in such Canton.

8.      The purpose of the Commercial Register is to provide an official public information tool to safeguard legal security and protect bona fide third parties. It contains fundamental information on different types of Swiss companies. For example, it contains important information regarding the company form, (share) capital, registered address, corporate objectives, and ruling bodies.

9.      Most significantly for the purposes of this litigation, the Commercial Register lists the names of the individuals who are authorized to act as representatives for the companies, and any restrictions on such individual's authority, such as the need to act through two authorized signatures. This information is intended to protect third parties, and to give them the tools they need to properly engage in authorized transactions with Swiss entities.

10.      Swiss companies may only be legally bound by the persons registered in the Commercial Register, except for persons specifically empowered by powers of attorneys issued and signed by duly registered persons.[1]

11.      Swiss statutory law, the Swiss Code of Obligations, Art. 718a (Representation / 2. Scope and Restriction), states that (1.) "[t]he persons with authority to represent the company

---

[1] Plaintiff does not allege that the guarantee at issue was executed with such a power of attorney.

may carry out any legal acts on behalf of the company that are consistent with the company's objectives", and (2.) "[a] restriction of such authority has no effect as against bona fide third parties; _except_ for any provisions that are entered in the commercial register governing [...] joint representation of the company." (emphasis added).

12. Given the existence of this statute, third parties that enter into transactions with Swiss entities without consulting the Commercial Register do so at their own peril. As a result, when I advise clients on entering into transactions with Swiss entities, I routinely check the Commercial Register to ensure that the counterparties to the agreement have the authority to bind the company.

13. The content of the Commercial Register is publicly available online. Its content is also published in the Swiss Official Gazette of Commerce.

14. To access the main website for the Commercial Register where anyone can search for company information one can visit this website: https://www.zefix.ch/en/search/entity/welcome. To directly access Defendant's current entry in the Commercial Register anyone can visit this website: https://bs.chregister.ch/cr-portal/auszug/auszug.xhtml?uid=CHE-101.017.162. Certain historical entries are also available using this link.

15. Attached as Exhibit A is a true and correct copy of The Native, S.A.'s Commercial Register entry generated as of 2018, around the time that the guarantee at issue in this lawsuit was executed.[2] Exhibit A includes both the original entry as it appears in French and an English translation.

---

[2] Although this entry is from May 2018 and the guarantee was signed in March 2018, the entry as of March 2018 would have also stated that two signatures are required bind the company.

16.     As evidenced by this Commercial Register entry, Sergey Skatershchikov – the individual who signed the guarantee at issue – was not authorized to execute any documents, or to bind Defendant, unless he signed *together with* a *second authorized individual* also registered in the Commercial Register. In other words, *two signatures* of individuals registered in the Commercial Register were required to bind the Defendant. This is the law and commonplace in Switzerland.

17.     Given these facts, as a matter of Swiss law, the provisions that Plaintiff relies upon for service of process and jurisdiction that are included in the guarantee that was only signed by Mr. Skatershchikov are null and void, and cannot bind Defendant in any way.

18.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of November 2020 in Basel, Switzerland.

_____

Christian Eich