Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA COOLEY, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> THE NATIVE, S.A., <br><br> *Defendant*. | No. <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff Lisa Cooley LLC ("LCLLC" or "Plaintiff"), by and through undersigned counsel, as and for its Complaint against Defendant The Native, S.A., ("The Native" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.  This is an action payment based on a written Guaranty (the "Guaranty") executed by The Native as Guarantor concerning payment obligations of a now-bankrupt entity named P8H, Inc., d/b/a Paddle 8 ("Paddle 8") under a sublease between LCLLC as sublessor and Paddle 8 as subtenant (the "Sublease"). As a result of its bankruptcy filing Paddle 8 has defaulted in its payment obligations under the Sublease, thereby triggering The Native's obligations under the Guaranty.

## PARTIES, JURISDICTION AND VENUE

2. LCLLC is a New York limited liability company with a principal place of business in Brooklyn, New York.

3. The Native is a Société Anonyme organized under the laws of Switzerland. On information and belief its principal place of business is at Rue Du Grand Chene 9, l003, Lausanne, Switzerland.

4. This Court has personal jurisdiction over The Native because in the Guaranty The Native (a) "irrevocably consent[ed] and submit[ted] to the jurisdiction of any Federal or state court sitting in The State of New York in respect to any action or proceeding brought therein by Sublessor against Guarantor concerning any matters arising out of or in any way relating to this Guaranty"; and (b) "irrevocably waive[d] personal service of any summons and complaint and consent[ed] to the service upon it of process in any such action or proceeding by transmittal of process to Guarantor (i) at the address set forth herein by any recognized international courier service so as to be received within five (5) Business Days of transmittal and/or (ii) upon Zukerman Gore Brandeis & Grossman, LLP, a law firm having offices in Manhattan, New York, which firm Guarantor irrevocably designate[ed] to accept service of any process on Guarantor's behalf, and hereby agree[d] that such service shall be deemed sufficient."

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is between a citizen of New York and a citizen of Switzerland and the amount in controversy exceeds $75,000, exclusive of interest.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because Defendant irrevocably consented in the Guaranty to laying venue in this District.

2

**FACTUAL ALLEGATIONS**

7. In the Sublease, dated as of March 13, 2018, LCLLC sublet the premises located at 107 Norfolk Street in Manhattan to Paddle 8.

8. To induce LCLLC to enter into the Sublease, The Native executed the Guaranty, also dated as of March 13, 2018. The Guaranty is annexed as **Exhibit 1** to this Complaint.

9. In relevant part, the Guaranty provided that The Native "absolutely and unconditionally guarantees the payment and performance when due by P8H, INC. (d/b/a Paddle 8), a Delaware corporation ("Subtenant") of obligation for payment of fixed rent, additional rent and any sum due under the Sublease."

10. On or about March 16, 2020, Paddle 8 filed a petition for relief in the United States Bankruptcy Court for the Southern District of New York (Case No. 20-10809-smb) under Chapter 11 of the United States Bankruptcy Code.

11. Paddle 8 initially intended to reorganize as debtor-in-possession. However, within several weeks of the initial filing, a Chapter 11 trustee was appointed.

12. The trustee informed LCLLC that Paddle 8 would cease operation at the close of the bankruptcy case and that she would seek permission of the Bankruptcy Court to reject the Sublease.

13. The trustee duly filed a motion to reject the Sublease (and other unrelated executory contracts) on May 29, 2020. The Bankruptcy Court granted the motion on June 10, 2020.

14. Paddle 8 ceased paying rent due under the Sublease following the payment due March 1, 2020. Its failure to pay rent subsequently and then to reject the Sublease constitutes an

3

act of default, and under the terms of the Sublease, accelerated all of its financial obligations under the Sublease through the date the Sublease was to terminate according to its terms (September 29, 2022).

15. Paddle 8's total unpaid financial obligations under the Sublease total not less than $679,646.98, exclusive of interests and costs. As a result of the Guaranty, The Native is liable to LCLLC for that entire amount.

16. The Guaranty further provides that The Native is liable for all of LCLLC's "costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with the enforcement of this Guaranty."

## CLAIM FOR RELIEF

17. Plaintiff repeats and re-alleges each allegation set forth in Paragraphs 1 through 16 of this Complaint as if set forth fully herein.

18. As a result of Paddle 8's default under the Sublease, The Native is liable to LCLLC under the terms of the Guaranty for an amount to be determined at trial, but not less than $679,646.98, plus interest, costs and expenses

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands judgment for the following relief:

A. Money damages to be determined at trial, but not less than $679,646.98

B. Plaintiff's full costs, including litigation expenses, interest, and any other amounts authorized under law and under the terms of the Guaranty, and attorneys' fees incurred in pursuing and litigating this matter; and

C. For such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all matters properly tried before a jury.

Dated: New York, New York
      July 27, 2020

                    STROPHEUS LLC

                    s/ Ronald Adelman

                  Ronald Adelman

                  60 East 42nd Street, Suite 4600
                  New York, New York 10022
                  T: (917) 688-2304
                  Ronald.Adelman@Stropheus.com

                  *Attorneys for Plaintiff*

# GUARANTY

For value received, THE NATIVE SA, having an office at Rue Du Grand Chene 9, 1003 Lausanne, Switzerland ("Guarantor"), absolutely and unconditionally guarantees the payment and performance when due by P8H, INC. (d/b/a Paddle8), a Delaware corporation ("Subtenant") of obligation for payment of fixed rent, additional rent and any sum due under the Sublease (the "Sublease Obligations") of Subtenant pursuant to that certain Agreement of Sublease dated as of the 13th day of March, 2018, by and between LISA COOLEY, LLC ("Sublessor"), having an address at [redacted],Brooklyn, New York 11217, and Subtenant, whereby Subtenant has leased from Sublessor the entire building located at 107 Norfolk Street, New York, New York 10002 (the "Demised Premises"), as the same may hereafter be amended, modified, renewed, or extended from time to time (the "Sublease") applicable to Subtenant, with the same force and effect as if a signatory thereto and liable thereunder with Subtenant, and the full and prompt payment of all damages and expenses that may arise in connection with or as a consequence of the non-payment, non-performance or non-observance of such terms, covenants, conditions and agreements, in each and every instance without requiring any notice of non-payment, non-performance or non-observance or proof or notice or demand whereby to charge Guarantor therefor, all of which Guarantor hereby expressly waives. Guarantor further hereby agrees to pay, within five (5) days upon demand, all of Sublessor's costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with the enforcement of this Guaranty.

This Guaranty is a continuing one and shall terminate only upon the full payment of all Sublease Obligations of Subtenant with respect to the Sublease. Sublessor may continue to rely on this Guaranty remaining in force.

As a further inducement to Sublessor to enter into the Sublease and in consideration thereof, Guarantor covenants and agrees that, in any action or proceeding brought by either Sublessor or Guarantor against the other on any matters whatsoever arising out of, under, or by virtue of the terms of the Sublease or of this Guaranty, Sublessor and Guarantor shall and do hereby waive trial by jury. Guarantor does hereby further covenant and agree to and with Sublessor that Guarantor may be joined in any action against Subtenant in such action or in any independent action against Guarantor without Sublessor first pursuing or exhausting any remedy or claims against Subtenant or its successors or assigns. Notwithstanding anything herein to the contrary, Sublessor may not proceed against Guarantor unless it has provided Subtenant with notice of a default and an opportunity to cure, only if the Sublease provides for an opportunity to cure. Guarantor also agrees that, in any jurisdiction, it will be conclusively bound by the judgment in any such action by Sublessor against Subtenant wherever brought as if Guarantor were a party to such action, even though Guarantor is not joined as a party in such action.

Guarantor hereby authorizes the parties to the Sublease without notice or demand and without affecting Guarantor's liability hereunder, to:

       a. change any of the terms, covenants, conditions or provisions of the Sublease;

       b. amend, modify, change or supplement the Sublease; and

    c. consent to Subtenant's assignment or other transfer of its interest in the Sublease.

  Guarantor waives any right to require Sublessor:

    a. to pursue any other remedy in Sublessor's power whatsoever; and/or

    b. to notify Guarantor of any default by Subtenant in the performance of any term, covenant or condition required to be kept, observed or performed by Subtenant.

  Guarantor waives all presentments, demands for performance, notices of nonperformance, protests, notices of dishonor and notices of acceptance of this Guaranty.

  The obligations of the Guarantor hereunder are independent of the obligations of Subtenant under the Sublease. Sublessor, at its option, may proceed in the first instance against the Guarantor to collect any obligation covered by this Guaranty, whether or not an action is brought against Subtenant, or any other person, firm or corporation, or whether or not Subtenant be joined in any such action or actions.

  The whole of this Guaranty is herein set forth, and there is no verbal or written agreement, and no understanding or custom affecting the terms hereof. This Guaranty can be modified only by a written instrument signed by the party to be charged therewith.

  Any notice of other communication hereunder must be in writing and will be deemed duly served on the date it is mailed by registered or certified mail in any post office station or letter box in the continental United States or via overnight courier service, addressed if to Guarantor, to the address of Guarantor set forth herein or such other address as Guarantor shall have last designated by notice to Sublessor, and addressed if to Sublessor, to it at [redacted]. Brooklyn, New York 11217, with a copy to Sublessor's counsel at the following address:

    Olshan Frome Wolosky LLP
    1325 Avenue of the Americas,
    New York, New York 10019
    Attn: Thomas D. Kearns, Esq.

or at such other address as Sublessor shall have last designated by notice to Guarantor.

The Guaranty is an absolute, unconditional and continuing guaranty of payment of all Sublease Obligations, and is enforceable against Guarantor without regard to the enforceability of any of the Sublease Obligations against Subtenant. Provided and on the condition there exists no default under the Sublease by Subtenant on the Vacate Date, Guarantor's liability pursuant to this Guaranty shall be limited to: (X) the sum of the Sublease Obligations which accrue up to the date that is sixty (60) days after the last to occur of: (such date, the "Surrender Date"): (a) Subtenant vacating the Subleased Premises; (b) Subtenant removing its property from the Subleased Premises; (c) Subtenant delivering the keys to Sublessor and surrendering the Subleased Premises in the condition required under the Sublease, and (d) the expiration of sixty (60) days after Subtenant has given Sublessor written notice pursuant to the terms of the Sublease that it will surrender possession of the Subleased Premises, and (Y) all costs and expenses incurred by Sublessor in connection with the enforcement of this Guaranty, including, without limitation, reasonable attorneys' fees. Guarantor waives any defense to Guarantor's obligations under this Guaranty based upon any such act or event and acknowledges that it is the purpose and intent of Guarantor and Sublessor that the obligations of Guarantor under this Guaranty shall be absolute and unconditional under all circumstances. Guarantor's obligations under this Guaranty shall be unaffected by any change in the provisions of any agreement, instrument, or document evidencing or affecting any of the Sublease Obligations, by any extension of time for payment or performance of any of the Sublease Obligations, by failure of Sublessor to perfect any security for payment or performance of any of the Sublease Obligations, by any partial or full release of any security for payment or performance of any of the Sublease Obligations, by the obtaining of any additional guarantor or any surety with respect to the Sublease Obligations, whether made with or without notice to Guarantor. The release of Subtenant from any of the Sublease Obligations as a result of any court judgment or decree (in bankruptcy, reorganization, or otherwise) shall not relieve Guarantor of Guarantor's obligations under this Guaranty. No act of commission or omission of any kind by Sublessor (including without limitation any act or omission which impairs, reduces the value of, releases or fails to perfect a lien upon, any collateral for or guarantee of any obligations guaranteed hereby) shall affect or impair the obligations of the undersigned hereunder in any manner.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment is returned by Sublessor upon the insolvency, bankruptcy or reorganization of Subtenant or otherwise, all as though such payment had not been made.

No delay by Sublessor in exercising any of its options, powers or rights or partial or single exercise thereof shall constitute a waiver thereof. No waiver of any of Sublessor's rights hereunder and no modification or amendment of this Guaranty shall be deemed to be made by Sublessor unless the same shall be in writing, duly signed on Sublessor's behalf, and each such waiver (if any) shall apply only with respect to the specific instance involved and shall in no way impair Sublessor's rights or the obligations of the undersigned to Sublessor in any other respect at any other time. This Guaranty cannot be changed or terminated orally. In case any one or more of the provisions hereof should be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions hereof shall not be affected or impaired thereby.

Guarantor represents that this Guaranty has been properly authorized, is within its corporate powers to give, and is valid, binding and enforceable against Guarantor in accordance

with the terms hereof.

This Guaranty shall be deemed to have been made in the State of New York and shall be construed in accordance with the laws of the State of New York.

This Guaranty shall be binding on Guarantor, its successors, and assigns. This Guaranty shall be understood to be for the benefit of Sublessor and for such other person or persons as may from time to time become or be the successor Sublessor under the Sublease and this Guaranty shall be transferable to the same extent and with the same force and effect as any such Sublease may be transferable.

Guarantor hereby (a) irrevocably consents and submits to the jurisdiction of any Federal or state court sitting in the State of New York in respect to any action or proceeding brought therein by Sublessor against Guarantor concerning any matters arising out of or in any way relating to this Guaranty; (b) irrevocably waives personal service of any summons and complaint and consents to the service upon it of process in any such action or proceeding by transmittal of process to Guarantor (i) at the address set forth herein by any recognized international courier service so as to be received within five (5) Business Days of transmittal and/or (ii) upon Zukerman Gore Brandeis & Crossman, LLP, a law firm having offices in Manhattan, New York, which firm Guarantor irrevocably designates to accept service of any process on Guarantor's behalf, and hereby agrees that such service shall be deemed sufficient; (c) irrevocably waives all objections as to venue and any and all rights it may have to seek a change of venue with respect to any such action or proceedings; (d) agrees that the laws of the State of New York shall govern in any such action or proceeding and waives any defense to any action or proceeding granted by the laws of any other country or jurisdiction unless such defense is also allowed by the laws of the State of New York; and (e) agrees that any final judgment rendered against it in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law. Guarantor further agrees that any action or proceeding by Guarantor against Sublessor in respect to any matters arising out of or in any way relating to this Guaranty shall be brought only in the State of New York, County of New York. In furtherance of the foregoing, Guarantor hereby agrees that its address for notices by Sublessor and service of process under this Guaranty shall be care of Subtenant at the Demised Premises. Notwithstanding the foregoing provisions of this Paragraph, Guarantor may, by prior written notice to Sublessor, change the designated agent for acceptance of service of process to any other law firm located in the City, County and State of New York.

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of __13th__ March, 2018.

THE NATIVE SA

By: _____
Name: SEARSCHIO
Title: CHAIRMAN

STATE OF NY )
             ) ss.:
COUNTY OF NY )

On this 7th day of Mar_____, in the year 2018, before me, the undersigned, a Notary Public in and said State, personally appeared _Sergey Stafaschilov_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JEFFREY D. ZUKERMAN
Notary Public, State of New York
No. 02ZU4812433
Qualified in New York County
Certificate Filed in New York County
Commission Expires Feb. 6, 20__19