UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA COOLEY, LLC

                Plaintiff,                      No. 20-cv 5800 (VEC)

V.                                            DECLARATION OF VICTOR
                                                 LEZUITOV IN SUPPORT OF
THE NATIVE, S.A.                        MOTION TO DISMISS

                Defendant.

I, Victor Lezuitov, declare and state under 28 U.S.C. § 1746 as follows:

1.      I submit this declaration in support of the motion filed by the defendant, The Native, S.A. ("The Native"), seeking to dismiss the Complaint filed by plaintiff, Lisa Cooley, LLC. I submit this declaration based on my own personal knowledge, and subject to the special appearance being made by The Native to contest service of process and jurisdiction.

2.      From July 2017 to June 2019, I served as The Native's Chief Financial Officer. From July 2019 through the present, I have served as a member of the board of directors of The Native. To investigate matters concerning the board prior to my joining the board, I have conferred with a prior board member. My office is and has been located in Lausanne, Switzerland. The Native is organized under the laws of Switzerland, and is headquartered in Switzerland. The Board of the Native meets and has met in Switzerland.

3.      I submit this declaration to explain how it was not until *after* this lawsuit was filed that the board of The Native learned of the existence of the alleged guarantee. For the reasons explained below, The Native should not be bound by the guarantee because it was not authorized by the company.

1

4.      I also write to inform the Court that, if performance under the alleged guarantee had been required, payments would have had to have been made from The Native's bank accounts located in Switzerland.

<u>After the Lawsuit Was Filed, The Board Learned of the Unenforceable Guarantee</u>

5.      After this lawsuit was commenced, I learned that, in March 2018, Sergey Skatershchikov allegedly signed a purported guarantee by The Native even though he was not authorized to do so. As I understand it, that guarantee, had it been properly authorized and effective, would have related to the payment obligations of P8H, Inc., d/b/a Paddle 8, under a sublease for a building located at 107 Norfolk Street in Manhattan (the "Purported Guarantee").

6.      It was not until *after* this lawsuit had been filed that I learned of the existence of the Purported Guarantee. Prior to the lawsuit, the Purported Guarantee had never been presented to or discussed with the board of directors.

7.      In accordance with the Swiss Commercial Registry and Swiss law, for any contract, including a guarantee, to be enforceable against The Native, it would have to have been signed by *two* authorized representatives. The Purported Guarantee in this lawsuit only bears one signature.

8.      I was also informed by the former Vice-Chairman of board of The Native, Serge Umansky, that the board in place when the Purported Guarantee was allegedly entered into by The Native never had the opportunity to authorize the Purported Guarantee and did not authorize it. The Purported Guarantee was never even presented to the board for its consideration. Mr. Umansky has submitted a declaration to the Court explaining these facts in detail.

9.      For all of these reasons, the Purported Guarantee does not bind The Native.

3

## Performance Under the Purported Guarantee Would Have Occured In Switzerland

10. The Native should not be required to make any payments under the Guarantee. But, if performance under the Purported Guarantee had been required, it would have necessitated that payments be made from The Native's bank accounts – accounts that are located in Switzerland.

11. The Native does not have any bank accounts in the United States.

12. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of December 2020 in Lausanne, Switzerland.

_____
Victor Lezuitov