EXHIBIT 2

# Applicable law for whether a contract has been validly executed by a foreign company

20 April 2015

Whether a company had validly executed a contract was to be determined according to the laws of that company's place of incorporation and not the contract's governing law clause (*Integral Petroleum SA v SCU-Finanz AG* [2015] EWCA Civ 144, 26 February 2015).

In the context of an application to set aside a default judgment, Popplewell J had to decide which law applied to an issue concerning whether a contract was binding on a Swiss company.

Integral and SCU, both Swiss companies, had entered into an oil supply contract subject to English law and jurisdiction. Integral alleged a breach of this contract. In the present application, to set aside default judgment, SCU argued (among other things) that the contract was not binding on the basis it had not been executed properly.

Swiss law states that where a power of signature has been given jointly to more than one "prokurist" (a representative of a Swiss company), as was the case for SCU, signatures of all prokurists are required for a document to be executed validly. The contract between Integral and SCU had only been signed by one prokurist on behalf of SCU. As such, SCU argued that the agreement was not binding on SCU because it was not signed by "all" of SCU's prokurists (namely, two of them). At first instance, Popplewell J agreed. Integral appealed.

Characterisation of the dispute – validity or capacity?

It was not in dispute that the approach to resolving conflict of laws issues is as summarised by Mance LJ (as he then was) in *Raiffeisen Zentralbank Österreich AG v Five Star Trading LLC* [2001] EWCA Civ 68. The first step is to characterise the issue which divides the parties.

Integral argued that the issue should be characterised as whether the contract was valid for want of a second signature. The validity of the contract was a matter to be determined in accordance with Article 11 of Regulation

(EC) No 593/2008 of the European Parliament and of the Council of 17 June 2008 on the law applicable to contractual obligations (the **Rome I Regulation**). Under the Rome I Regulation, a contract is valid where it satisfies the requirements of its governing law, which in this case was English law. Integral also argued that, in a contract governed by English law according to the choice of the parties, it would be anomalous and uncommercial that the parties should be pointed to a foreign system of law to determine whether the contract has been executed validly.

Integral argued in the alternative that The Overseas Companies (Execution of Documents and Registration of Charge) Regulations 2009 (the **2009 Regulations**) applied. The 2009 Regulations modify the Companies Act 2006, and set out the formalities for an overseas company validly to execute a document. The Companies Act 2006, as modified by the 2009 Regulations, states that a contract is deemed to have been duly executed when it *purports* to be signed in accordance with s44(2) Companies Act 2006, in that it was signed by a person acting under the authority of the company in question.

In contrast, SCU argued that the issue to be decided was whether SCU could contract by means of the signature of a single prokurist. This was a question of whether the act of entering into the contract could have been attributed to the company. SCU relied on English common law rules concerning the capacity of corporations to enter transactions (the law governing questions of corporate capacity is not determined pursuant to the Rome I Regulation as questions of corporate capacity are excluded from the scope of the Regulation). In summary, the common law rules state that all matters concerning the constitution of a corporation are governed by the law of the place of that company's incorporation. SCU argued that the issue was whether the company had *capacity* to enter the contract, by reference to the company's constitution and Swiss law.

Decision

Floyd LJ delivered the main judgment, and dismissed the appeal. Floyd LJ held that SCU was correct, as was Popplewell J at first instance, that the issue between the parties should be characterised as whether the single prokurist had authority to bind SCU. The point was governed by the common law rules concerning the capacity of corporations to enter transactions. This was a matter for SCU's constitution as governed by Swiss law, the place of SCU's incorporation. Under Swiss law, the signature of a single prokurist could not bind SCU. This was not a matter for the Rome I Regulation, as the Rome I Regulation states it does not apply to the legal capacity of companies.

The Companies Act as modified by the 2009 Regulations did not assist Integral because the contract did not purport to be signed by a person acting under the authority of SCU. To determine the authority of SCU, it was necessary to consider the requirements under Swiss law, in this case for the signature of two prokurists, and the contract did not purport to be signed in this way.

**Comment:** This case highlights the importance of ensuring when entering into a transaction that the transaction documents are properly executed in accordance with the law of the place of incorporation of the contracting parties and not simply as a matter of the law chosen by the parties to govern their substantive obligations. As such, it emphasises the need to obtain a legal opinion from local lawyers confirming that signatories have authority to bind the relevant party. It also demonstrates the importance at the disputes stage of the first stage of the approach to resolving conflicts of laws. Characterising the issue in dispute in this case as a matter of the authority of the signatory meant that Rome I Regulation did not apply, and that the applicable laws were those of the company's country of incorporation.

## Further information

This case summary is part of the Allen & Overy Litigation Review, a monthly update on interesting new cases and legislation in commercial dispute resolution.  For more information please contact Sarah Garvey sarah.garvey@allenovery.com, or tel +44 20 3088 3710.