EXHIBIT 3

Articles 22nd Jul 2015

# Contracting with an overseas company

The Court of Appeal has recently ruled that UK companies entering a contract with a non-UK company should ensure the contract is executed by the foreign company in accordance with the law of its own country, even if the contract is governed by the laws of England & Wales.

The case of Integral Petroleum SA v Scu-Finanz AG (2015) concerned a supply contract for oil products between two Swiss oil companies which was governed by English law, which had been signed by one of the two officers of the company. The supplier made no deliveries and the customer took proceedings in the English court.

The court found that the matter was to be decided under English common law rules, which provide that issues relating to a company's capacity and internal management are to be determined by the laws of the country in which the company is incorporated, in this case Switzerland. Under Swiss law, a third party dealing with a Swiss company can normally rely on the signature of a single company officer. However companies may make an entry in the Swiss Register of Commerce (which is a public record) that joint signatories are required, which the supplier had done. Consequently the single officer had no authority acting on her own to bind the supplier, and the supplier was successful in its argument that the contract was not binding because it had not been properly executed.

Normally where a foreign company is entering into a contract, the UK's Overseas Companies (Execution of Documents and Registration of Charges) Regulations 2009 apply. These regulations provide that a document can be validly executed under English law by an overseas company

- By applying its common seal; or
- in a manner allowed for by the laws of the territory in which the overseas co mpany is incorporated
- by an authorised person, provided the authorisation is granted in accordance with the laws of that territory.

The regulations also give some protection to purchasers contracting with overseas companies, if the contract "purports to be" signed by someone who is authorised in accordance with the laws of the company's country of incorporation. The court rejected the customer's argument that it was able to rely on such protection in this case. As the contract did not purport to be signed by two officers, as required under Swiss law where an entry has been made in the Register of

Commerce, it could not see how it could be suggested that the contract purported to be signed by an authorised person.

## Practice points

Before executing a contract to which an overseas company is party:

- Make sure contracts are executed in accordance with the law of the country in which the contracting parties were incorporated, and not just in accordance with the law governing the contract.
- Obtain proof from the proposed signatory or signatories that they have authority to sign on the company's behalf.
- Obtain a legal opinion on whether the company has taken all the legal steps necessary to enter into the contract and on the applicable requirements for proper execution.
- If this is not practical or cost effective, a compromise may be to seek less formal legal advice on the typical position for companies based in the jurisdiction in question.

---

*The content of this page is a summary of the law in force at the present time and is not exhaustive, nor does it contain definitive advice. Specialist legal advice should be sought in relation to any queries that may arise.*