

**From:** Weiss, Jordan  jweiss@savills-studley.com
**Subject:** Re: update
**Date:** February 12, 2018 at 1:36 PM
**To:** Lisa Cooley  lisa@lisa-cooley.com

Thx

Sent link to financials for parent. Public company

I would prefer the parent guaranty

**Jordan Weiss**
Managing Director
**Savills Studley**
t (212) 326-1052
c (201) 394-1162
JWeiss@savills-studley.com

On Feb 12, 2018, at 1:32 PM, Lisa Cooley <lisa@lisa-cooley.com> wrote:

> My attorneys have advised me that it is critical.  I will run this past them and hope it suffices.
>
> +1 347-351-8075
>
> On Feb 12, 2018, at 12:56 PM, Weiss, Jordan <JWeiss@savills-studley.com> wrote:
>
>> Lisa – no one is keen on providing a GGG. Don't blame them. are you worried that paddle8 would stay in the space and not pay rent??
>>
>> To expedite the deal - I would just drop the idea.
>>
>> Alternatively. They asked if a Parent Guaranty was kosher – from the holding company that owns shares of paddle8.
>>
>> Let me know
>>
>>
>> **Jordan Weiss**
>> Managing Director
>> **Savills Studley**
>> t (212) 326-1052
>> c (201) 394-1162
>> JWeiss@savills-studley.com
>>
>> **From:** Lisa Cooley [mailto:lisa@lisa-cooley.com]
>> **Sent:** Monday, February 12, 2018 11:19 AM
>> **To:** Weiss, Jordan <JWeiss@savills-studley.com>
>> **Cc:** Alexander Gilkes <alexander@paddle8.com>; Izabela Depczyk <idepczyk@thenative.eu>
>> **Subject:** update
>>
>> Dear Jordan, Alexander, Iza,
>>
>> I hope you're all well. I am writing to confirm that I am ok with P8's most recent requests to eliminate any unamortized costs from the payment associated with the one time termination, and I'm also ok with two months security deposit instead of three months security deposit.
>>
>> Jordan – Alex told me you'd mentioned that the over lease requires only two months

Jordan - Alex told me you'd mentioned that the over lease requires only two months security deposit. It does not. It requires three.

At the same time, I noticed that there was another omission or change, which is that there is no good guy clause. Given the financials that we just received on Thursday, and the lower security deposit, we cannot eliminate a good guy clause. We'd need a good guy clause with three months notice from an individual. I'm sure I have an email where I discussed this with Jordan - I don't want it to seem as though it's something new I'm just bringing up.

My attorneys have a sublease ready to go with all of these terms and if you agree, I can have it to you today. My accountants are still reviewing financials and might have additional requests, but I'm happy to move forward with the legal side of things regardless.

kind thanks,

Lisa

—

Lisa Cooley
lisa@lisa-cooley.com
347-351-8075

**From:** Izabela Depczyk idepczyk@thenative.eu
**Subject:** Re: update
**Date:** February 12, 2018 at 2:41 PM
**To:** Lisa Cooley lisa@lisa-cooley.com
**Cc:** Weiss, Jordan JWeiss@savills-studley.com, Alexander Gilkes alexander@paddle8.com

Lisa,

here is a 1H 2017 asknet AG report (enclosed). The Native SA (parent company) acquired majority stake in Asknet back in November 2017 (https://thenative.ch/wp-content/uploads/2018/01/5ELSAAcquiresMajorityOwnershipinasknetAG.pdf), this is our our largest subsidiary.

And here is an announcement on positive 2017 results by the said subsidiary (https://www.asknet.com/company/ad-hoc-news/detailpage.html?no_cache=1&tx_news_pi1[news]=308&cHash=6ef3fa24a3fecb5d396636f5599fb1dc).

Unfortunately our full year 2017 results will only be audited and ready in April.

Please let me know if this would suffice.

Izabela

> On Mon, Feb 12, 2018 at 2:39 PM, Izabela Depczyk <idepczyk@thenative.eu> wrote:
> Dear Lisa, ok, clear thanks. So we stay with the 2 month security deposit and the guarantee provided by parent company. Will provide you with the financials of parent company soonest.
>
> Izabela
>
>> On Mon, Feb 12, 2018 at 2:38 PM, Lisa Cooley <lisa@lisa-cooley.com> wrote:
>> Dear Iza,
>>
>> My attorneys want a guarantee, but they said a parent entity guarantee is just fine. I could have that written up and have a sublease to you guys most likely today or if not first thing tomorrow. They wrote the sublease already.
>>
>> I definitely discussed a guarantee with Jordan and I'm confident I have it in an email someplace. I told him that it should be written up on the term sheet as :pending financials since we didn't understand the relationships between the companies.
>>
>> kind thanks,
>>
>> Lisa
>> —
>> Lisa Cooley
>> lisa@lisa-cooley.com
>> 347-351-8075
>>
>>> On Feb 12, 2018, at 2:26 PM, Izabela Depczyk <idepczyk@thenative.eu> wrote:
>>>
>>> Lisa,
>>>
>>> if we provide you with 2 month upfront security deposit and a 3rd month security deposit to be paid in month 7 of the lease -- will we be able to skip the guarantee?
>>>
>>> Iza
>>>
>>>> On Mon, Feb 12, 2018 at 2:22 PM, Lisa Cooley <lisa@lisa-cooley.com> wrote:
>>>> Dear Jordan,
>>>>
>>>> I double checked my lease and indeed, I paid 3 months security deposit. It was organized as follows.
>>>>
>>>> One month upon signing of lease, two months additional deposit upon DOB issuance of our work permits, since we were putting 300k into the space.
>>>>
>>>> Which is similar to the deal that I thought we'd agreed on until I got your revised terms late Thursday night. Perhaps that split

is what confused you.

We'd agreed to two months up front, and one more month in six months to ease cash flow burdens on P8. I will agree to two months, with a guarantee.

I am waiting to hear from my attorney if a parent guarantee will work. I will press him for an answer today - that should not be a problem.

kind thanks,

Lisa

—

Lisa Cooley
lisa@lisa-cooley.com
347-351-8075

> On Feb 12, 2018, at 11:19 AM, Lisa Cooley <lisa@lisa-cooley.com> wrote:
>
> Dear Jordan, Alexander, Iza,
>
> I hope you're all well. I am writing to confirm that I am ok with P8's most recent requests to eliminate any unamortized costs from the payment associated with the one time termination, and I'm also ok with two months security deposit instead of three months security deposit.
>
> Jordan - Alex told me you'd mentioned that the over lease requires only two months security deposit. It does not. It requires three.
>
> At the same time, I noticed that there was another omission or change, which is that there is no good guy clause. Given the financials that we just received on Thursday, and the lower security deposit, we cannot eliminate a good guy clause. We'd need a good guy clause with three months notice from an individual. I'm sure I have an email where I discussed this with Jordan - I don't want it to seem as though it's something new I'm just bringing up.
>
> My attorneys have a sublease ready to go with all of these terms and if you agree, I can have it to you today. My accountants are still reviewing financials and might have additional requests, but I'm happy to move forward with the legal side of things regardless.
>
> kind thanks,
>
> Lisa
>
> —
>
> Lisa Cooley
> lisa@lisa-cooley.com
> 347-351-8075

--
**Izabela Depczyk**
**Founder & Executive Board Member**
**The Native SA**
Rue du Grand-Chene 8
1003 Lausanne
Switzerland
+41 787 009 282
+1 646 350 9801
www.thenative.ch

--
**Izabela Depczyk**
**Founder & Executive Board Member**
**The Native SA**
Rue du Grand-Chene 8
1003 Lausanne

1003 Lausanne
Switzerland
+41 787 009 282
+1 646 350 9801
www.thenative.ch

--
**Izabela Depczyk**
**Founder & Executive Board Member**
**The Native SA**
Rue du Grand-Chene 8
1003 Lausanne
Switzerland
+41 787 009 282
+1 646 350 9801
www.thenative.ch

**From:** Izabela Depczyk idepczyk@thenative.eu
**Subject:** Re: update
**Date:** March 1, 2018 at 2:01 PM
**To:** Lisa Cooley lisa@lisa-cooley.com
**Cc:** Alexander Gilkes alexander@paddle8.com, Jordan Weiss JWeiss@savills-studley.com

Wonderful, thank you. We will await the final set of documents from your counsel for final review and execution.

Iza

On Thu, Mar 1, 2018 at 12:02 PM Lisa Cooley <lisa@lisa-cooley.com> wrote:
> Fine - let's just move forward and get the deal done.
>
> Lisa
>
> —
>
> Lisa Cooley
> lisa@lisa-cooley.com
> 347-351-8075
>
>> On Mar 1, 2018, at 10:59 AM, Izabela Depczyk <idepczyk@thenative.eu> wrote:
>>
>> Dear Lisa,
>>
>> thank you for your ongoing support, I really do hope this is the last of the negotiation so that we can finally move to signing and planning for our relocation into the new space.
>>
>> I've talked to The Native's board of directors and they are pushing back on the full guarantee. This was never on the table, and it is a shame that we got this important point lost somewhere in the communication.
>>
>> Our final decision is to provide the good guy guarantee which is both standard market practice and it is fair for you, the landlord and us.
>>
>> We've been more than accomodating on many issues and agreed to honor your various requests and I do hope that the GGG is something that you can accept so that we can move swiftly forward with finalizing the paperwork.
>>
>> We will await your decision until 5pm tomorrow, beyond which we will consider the deal off the table and our negotiations void
>>
>> Warmly,
>> Izabela
>>
>>
>> On Wed, Feb 28, 2018 at 4:57 PM, Lisa Cooley <lisa@lisa-cooley.com> wrote:
>>> Dear Jordan, Alexander, Iza,
>>>
>>> I hope you're both well. I wanted to write to all three of you. I feel very grateful that we've gotten this far and hopefully this will settle this last outstanding question.
>>>
>>> It's unfortunate that Jordan did not specify that the guarantee desired by P8 was a good guy guarantee. There's no way I could have guessed that this is what was requested. I genuinely thought I was agreeing to a full guarantee. It's further unfortunate that this is another in a series of typos or misreadings. In my business, if I misquote a price, I always honor that price, and this is what should happen here. I expect our original agreement to be honored.
>>>
>>> Jordan has told me that Iza's company has an agreement to buy more shares of P8, but what if something happens and that is interrupted, or doesn't occur? For a publicly traded company, it shouldn't be a problem to provide a full guarantee. Your two companies together have immense resources compared to what my single-member LLC has, which is actually just this space. God forbid if P8 declared bankruptcy, it would catastrophically affect me. I have no desire and would likely not have the resources to monetize it again, beyond the termination clause that we agreed to.
>>>
>>> sincerely,
>>>
>>> Lisa

Lisa

—
Lisa Cooley
lisa@lisa-cooley.com
347-351-8075

--
**Izabela Depczyk**
**Founder & Executive Board Member**
**The Native SA**
Rue du Grand-Chene 8
1003 Lausanne
Switzerland
+41 787 009 282
+1 646 350 9801
www.thenative.ch

--
**Izabela Depczyk**
**Founder & Executive Board Member**
**The Native SA**
Rue du Grand-Chene 8
1003 Lausanne
Switzerland
+41 787 009 282
+1 646 350 9801
www.thenative.ch