AGREEMENT OF SUBLEASE

BETWEEN

<u>LISA COOLEY, LLC</u>

AS SUBLESSOR

AND

<u>P8H, INC.</u>

AS SUBTENANT

Premises:

107 Norfolk Street
New York, New York 10002

4503452-7

THIS AGREEMENT OF SUBLEASE (this "**Sublease**"), dated as of this 13th day of March, 2018 (the "**Effective Date**"), between **LISA COOLEY, LLC**, a New York limited liability company, having an address at 258 Wyckoff Street, No. 3, Brooklyn, New York 11217 (hereinafter called, "**Sublessor**") and **P8H, INC.** (d/b/a Paddle8), a Delaware corporation, having an address at 81 Prospect Street, Brooklyn, New York 11201 (hereinafter called "**Subtenant**")

WITNESSETH:

That the parties hereto agree as follows:

ARTICLE 1.

Premises.

Section 1.01    For the purposes of this Sublease, unless the context otherwise requires:

(a)    The term "**Underlying Lease**" shall mean that certain Lease dated as of January 11, 2012, by and between 107 Lo-Ho, LLC, as landlord (the "**Prime Landlord**"), and Sublessor, as tenant, covering the entire building located at 107 Norfolk Street, New York, New York 10002 (the "**Demised Premises**").

(b)    The term "**Subleased Premises**" shall mean the Demised Premises.

ARTICLE 2.

Term.

Sublessor hereby leases to Subtenant and Subtenant hereby hires from Sublessor the Subleased Premises for a term ("**Term**") to commence upon the latest to occur of: (i) May 1, 2018, (ii) the date Sublessor receives Prime Landlord's consent to this Sublease and (iii) delivery of the Subleased Premises to Subtenant in "broom clean" condition (such later date, the "**Commencement Date**"), and ending on September 29, 2022, or on such earlier date upon which said term may expire or be cancelled or terminated pursuant to any of the conditions or covenants of this Sublease or pursuant to law (the "**Expiration Date**").

ARTICLE 3.

Subordination.

This Sublease is in all respects subject and subordinate to the terms and conditions of the Underlying Lease.

ARTICLE 4.

Incorporation of Terms.

Section 4.01    The terms, covenants, conditions and provisions contained in the Underlying Lease (including, but not limited to remedies provided under the Underlying Lease) are incorporated herein by reference, and shall, as between Sublessor and Subtenant constitute the terms, covenants, conditions and provisions of this Sublease, except to the extent that they are inapplicable to, inconsistent with, or modified by the provisions of this instrument (including, without limitation, Articles 30 and 37 and Exhibits B, D, E, and F of the Underlying Lease, which the parties acknowledge and agree shall each be inapplicable to this Sublease).    The parties agree to observe and perform the terms, covenants, conditions and provisions on their respective parts to be observed and performed hereunder, including but not limited to those terms, covenants, conditions and provisions of the Underlying Lease which are incorporated herein. The obligations of Subtenant to Sublessor hereunder shall be the same as the obligations of tenant to landlord under the Underlying Lease, except as otherwise expressly provided herein. The benefit of all repairs, restorations, compliance with law and other requirements, materials and services to be provided to the Subleased Premises or obligations to be performed by Prime Landlord under the Underlying Lease shall accrue to Subtenant.    Upon written request by Subtenant, Sublessor agrees promptly and in good faith to make demand upon Prime Landlord for the performance, for the benefit of the Subleased Premises and Subtenant, of any obligation imposed upon Prime Landlord by the applicable provisions of the Underlying Lease incorporated herein; and Sublessor will pursue the matter with reasonable diligence, at Subtenant's sole cost and expense, but notwithstanding anything to the contrary in the Underlying Lease, Sublessor shall under no circumstances be obligated to make any repairs or restorations, to comply with any laws or other requirements, to supply any materials or services to the Subleased Premises or to perform any such obligation imposed upon Prime Landlord; and Sublessor shall under no circumstances be liable to Subtenant for the failure of Prime Landlord or others so to do, nor shall any act or omission of Prime Landlord be imputed to Sublessor.

Section 4.02    During the Term of this Sublease, Subtenant covenants and agrees to comply with all of the terms, covenants and conditions of the Underlying Lease on the part of the tenant thereunder to be kept and performed pursuant to the provisions hereof applicable to this Sublease, and Subtenant's obligations in respect thereof shall run to Sublessor or Prime Landlord, as Sublessor may reasonably determine to be appropriate or as may be reasonably required by the respective interests of Sublessor or Prime Landlord. Subtenant further covenants not to violate any of the applicable provisions of the Underlying Lease to the extent incorporated herein. Except to the extent due to the negligence or willful misconduct of Sublessor, its agents, contractors and/or employees, Subtenant hereby indemnifies Sublessor against, and holds Sublessor harmless from, all liabilities, losses, obligations, damages, penalties, claims, costs and expenses (including, without limitation, reasonable attorneys' fees and other costs and other reasonable charges incurred in connection with the enforcement of this indemnity provision) which are paid, suffered or incurred by Sublessor as a result of: (a) the nonperformance or nonobservance of any such terms, provisions, covenants, stipulations, conditions, obligations or agreements by Subtenant; and/or (b) any injuries to person or property occurring in, on or about the Subleased Premises, or by reason of any breach or default hereunder on Subtenant's part, or

3

by reason of any work done in or to the Subleased Premises or any wrongful act or negligence on the part of Subtenant.

Section 4.03   Except as otherwise expressly provided herein, the rights of Sublessor shall be the same as the rights of Prime Landlord under those provisions of the Underlying Lease as are applicable to and incorporated herein.

ARTICLE 5.

No Privity.

Nothing contained in this Sublease shall be construed to create privity of estate or of contract between Subtenant and Prime Landlord.  Sublessor and Subtenant shall not do or permit to be done any act or thing which will constitute a breach or violation of any of the terms, covenants, conditions or provisions of the Underlying Lease.  Subtenant shall in no case have any rights in respect of the Subleased Premises greater than Sublessor's rights under the Underlying Lease, and Sublessor shall have no liability to Subtenant for any matter whatsoever for which Sublessor does not have at least coextensive rights, as tenant, against Prime Landlord under the Underlying Lease *provided however*, that this Article 5 shall in no way limit Sublessor's liability, if any, for breach by Sublessor of this Sublease.

ARTICLE 6.

Rent.

Section 6.01   Subtenant shall pay to Sublessor fixed minimum rent ("**fixed rent**") in accordance with the following:

| Dates | Monthly Rent |
|---|---|
| Commencement Date – Month 6 | $15,000.00 |
| Month 7 – Month 12 | $18,000.00 |
| Month 13 – Month 24 | $18,540.00 |
| Month 25 – Month 36 | $19,096.20 |
| Month 37 – Month 48 | $19,663.09 |
| Month 49 – Expiration Date | $20,252.98 |

Section 6.02   Commencing on the Commencement Date, fixed rent shall be payable in monthly installments, in the amounts specified above, in advance on the first (1st) day of each month during the Term, to be paid at the office of Sublessor or at such other place as Sublessor may designate, without demand and without any offset counterclaim or deduction whatsoever. Subtenant shall pay the first month's rent payment in the amount of $15,000.00 to Sublessor upon execution of this Sublease.  If the Commencement Date occurs on a day other than the first

4

day of a calendar month or the Expiration Date occurs on a day other than the last day of a calendar month, the fixed rent for such calendar month shall be prorated and with respect to the first month, the balance of the first month's fixed rent theretofore paid shall be credited against the next monthly installment of fixed rent.  All sums other than fixed rent due hereunder shall be deemed "**additional rent**" and Sublessor shall have the same remedies with respect to a default in the payment of additional rent as Sublessor has with respect to a default in the payment of fixed rent.

ARTICLE 7.

Use.

Subtenant shall use and occupy the Subleased Premises for an art gallery, office, auction, exhibition and events (including, but not limited to, promotional events, private events, conferences and panels) and for no other purpose, subject to the terms and conditions of the Underlying Lease.

ARTICLE 8.

No Representations.

Section 8.01   Subtenant represents that Subtenant is leasing the Subleased Premises in broom-clean, but "as-is" physical condition on the Commencement Date, it being understood and agreed that Sublessor shall not be required to make any improvements, alterations or repairs to the Subleased Premises.  Subtenant shall have the right to use the existing heating, ventilation and air conditioning equipment (the "**HVAC**") at the Subleased Premises, provided Subtenant obtains and maintain throughout the Term, at its sole cost and expense, an annual maintenance contract for the HVAC and provides evidence of the same to Sublessor promptly following the Commencement Date.  Subtenant represents that Subtenant is accepting the HVAC in its "as-is" condition on the Commencement Date, it being understood and agreed that Sublessor shall have no obligation for and shall not be required to maintain or make any repairs to the HVAC during the Term.

Section 8.02   In making and executing this Sublease, Subtenant has not relied upon or been induced by any statements or representations of any persons, other than those, if any, set forth expressly in this instrument in respect of the physical condition of the Subleased Premises (including, without limitation, the HVAC) or of any other matter affecting the Subleased Premises or this transaction which might be pertinent in considering the leasing of the Subleased Premises or the execution of this Sublease.  Subtenant has, on the contrary, relied solely on such representations, if any, as are expressly made herein and on such investigations, examinations and inspections as Subtenant has chosen to make or have made.  Subtenant acknowledges that Sublessor has afforded Subtenant the opportunity for full and complete investigations, examinations and inspections.

5

ARTICLE 9.

Sublessor's Reasonable Approval.

Sublessor's refusal to consent to or approve any matter or thing, whenever Sublessor's consent or approval is required under this Sublease or under the Underlying Lease shall be deemed reasonable, if, inter alia, Prime Landlord under the Underlying Lease has refused to give such consent or approval.

ARTICLE 10.

Notices.

Notices and other communications hereunder shall be in writing and shall be given or made by a nationally recognized overnight courier, addressed to the parties at their respective addresses set forth above, and if addressed to Sublessor, a copy shall also be delivered to Sublessor's counsel at the following address:

Olshan Frome Wolosky LLP
1325 Avenue of the Americas,
New York, New York 10019
Attn: Thomas D. Kearns, Esq.

and if addressed to Subtenant, a copy shall also be delivered to Subtenant's counsel at the following address:

Zukerman Gore Brandeis & Crossman, LLP
11 Times Square
New York, New York 10036
Attn.: Jeffrey D. Zukerman, Esq.

or at any other address which either party may hereafter designate for such purpose by written notice. Notices shall be deemed delivered upon receipt of such notice or refusal of same.

ARTICLE 11.

Time Limits.

The time limits provided in the Underlying Lease for the giving of notices, making demands, performance of any act, condition or covenant, or the exercise of any right, remedy or option, are changed for the purposes of this Sublease, by lengthening or shortening the same in each instance by three (3) days, as appropriate, so that notices may be given, demands made, or any act, condition or covenant performed, or any right, remedy or option hereunder exercised, by Sublessor or Subtenant, as the case may be (and each party covenants that it will do so), within the time limit relating thereto contained in the Underlying Lease. Sublessor shall, no later than three (3) business days after receipt thereof, give to Subtenant a copy of each notice and demand

6

received from Prime Landlord concerning the Subleased Premises and shall within such time give to Prime Landlord a copy, or the substance of, each notice and demand received from Subtenant concerning the Subleased Premises.

## ARTICLE 12.

### Termination of Underlying Lease.

If for any reason the term of the Underlying Lease is terminated prior to the expiration date of this Sublease, this Sublease shall thereupon be terminated, and Sublessor shall not be liable to Subtenant by reason thereof unless said termination shall have been effected because of the breach or default of Sublessor under the Underlying Lease. Sublessor shall not, so long as this Sublease is in full force and effect, voluntarily cancel or terminate the Underlying Lease (except in accordance with the Underlying Lease in the event of a taking or casualty), or reduce the term of the Underlying Lease. Provided Subtenant fulfills all of the terms, covenants, agreements and conditions to be performed by Subtenant hereunder and subject to Underlying Lease, Sublessor shall not disturb Subtenant's peaceable and quiet enjoyment of the Subleased Premises during the Term of this Sublease.

## ARTICLE 13.

### Escalations.

Subtenant shall pay directly to Sublessor escalations in Real Estate Taxes, as additional rent hereunder, pursuant to and in accordance with Exhibit "C" of the Underlying Lease.

## ARTICLE 14.

### Assignment, Mortgage, Sublet.

Subtenant, for itself, its heirs, distributees, executors, administrators, legal representatives, successors and assigns, expressly covenants that it shall not assign, mortgage or encumber this Sublease, nor underlet, or suffer or permit the Subleased Premises or any part thereof to be used by others, other than in strict compliance with the pertinent provisions of the Underlying Lease. A transfer of any interest (whether stock, partnership or otherwise) of Subtenant shall be deemed to be an assignment of this Sublease, however accomplished, and whether in a single transaction or in any series of transactions, related or unrelated, to which the provisions of this Article shall apply (subject to the provisions of the Underlying Lease which specifically allow such transactions without Prime Landlord's consent). To the extent an assignment or subletting by Subtenant is permitted under the Underlying Lease, Sublessor agrees that it shall not unreasonably withhold, condition or delay its consent to such permitted assignment or subletting by Subtenant.

7

ARTICLE 15.

Building Services.

Sublessor shall have no responsibility or obligations with respect to furnishing any services with respect to the Subleased Premises, but the sole responsibility of Sublessor shall be to use reasonable efforts, in accordance with Section 4.01 of this Sublease, to cause Prime Landlord to furnish such services as provided under the Underlying Lease.

ARTICLE 16.

Utilities.

Sublessor shall not be obligated to furnish any utilities to the Subleased Premises, except as otherwise provided to the Demised Premises pursuant to the terms of the Underlying Lease (including, without limitation, Article 27 of the Underlying Lease). Subtenant shall timely pay to the appropriate party as specified in the Underlying Lease, all utilities provided to the Subleased Premises during the Term (including, without limitation, pursuant to Article 27 of the Underlying Lease).

ARTICLE 17.

Damage by Fire.

If all or a portion of the Subleased Premises shall be damaged by fire or other cause under circumstances in which Prime Landlord is required to make repairs pursuant to the provisions of the Underlying Lease, the sole obligation of Sublessor shall be to use reasonable efforts to cause the obligations of the Underlying Lease to be fulfilled by Prime Landlord in accordance with the terms of the Underlying Lease. Subtenant hereby expressly waives the provisions of Section 227 of the New York Real Property Law or any successor statute of similar import and agrees that the foregoing provisions of this Article 17 shall govern and control in lieu thereof. No damages, compensation or claims shall be payable by Sublessor for inconvenience, loss of business or annoyance arising from any repair or restoration of any portion of the Subleased Premises.

ARTICLE 18.

Consent of Prime Landlord.

Sublessor and Subtenant each acknowledges and agrees that this Sublease is subject to the written consent of Prime Landlord. Notwithstanding anything set forth in this Sublease to the contrary, Sublessor shall not be obligated to perform any acts, expend any sums or bring any lawsuits or other legal proceedings in order to obtain such consent, provided, however, that if Prime Landlord consents to this Sublease, Sublessor shall be responsible for the payment of any fees due to Prime Landlord in connection with such consent. In the event Prime Landlord refuses in writing to consent to this Sublease, Sublessor shall return any prepaid rent and security deposit within ten (10) days following such refusal. Subtenant shall provide Prime Landlord with all

8

information required under the Underlying Lease. In the event Prime Landlord's consent to this Sublease is not received within forty-five (45) days following the Effective Date, either party may terminate this Sublease by sending written notice to the other party of such termination and this Sublease shall terminate ten (10) days following such termination notice, provided, however, that in the event that Prime Landlord consents to this Sublease within such 10-day period, any termination notice given by either party pursuant to this Article 18 shall be deemed null and void and this Sublease shall continue in force and effect.

## ARTICLE 19.

### Alterations.

Subtenant shall make no changes in or to the Subleased Premises of any nature without Prime Landlord and Sublessor's prior written consent. Sublessor shall not unreasonably withhold, condition or delay its consent to a proposed Subtenant alteration to the Sublease Premises provided that (a) such alteration is expressly permitted under and is performed in accordance with the terms of the Underlying Lease and (b) if Subtenant exercised its Termination Right (as hereinafter defined) or if this Sublease is otherwise terminated prior to the Expiration Date, Subtenant shall, prior to the Termination Date (as hereinafter defined) or such earlier termination, remove any installation or alteration and restore the Subleased Premises to the condition prior to such installation or alteration irrespective of any waiver by Prime Landlord with respect to such removal and restoration obligation.

## ARTICLE 20.

### Termination.

Subtenant shall have a one-time right to terminate this Sublease (the "**Termination Right**") effective as of the second (2nd) anniversary of the Commencement Date (the "**Termination Date**"), provided (i) Subtenant is not then in default hereunder beyond any applicable notice and cure periods, (ii) Subtenant delivers to Sublessor at least six (6) months' prior written notice of Subtenant's intention to so terminate (time being of the essence) (the "**Termination Notice**") and (iii) concurrently with the Termination Notice, Subtenant delivers to Sublessor a termination fee in an amount equal to three (3) months' fixed rent then due and payable under the Sublease (the conditions set forth in clauses (i)-(iii) above hereinafter referred to collectively as the "**Termination Conditions**"). Subtenant's failure to satisfy the Termination Conditions pursuant to this Article 20 shall invalidate Subtenant's Termination Right, in which event, this Sublease shall continue and Subtenant's Termination Right hereunder shall be deemed null and void. Pending the Termination Date, Subtenant shall continue to perform all of its obligations under this Sublease. In the event of timely receipt by Sublessor of the Termination Notice, this Sublease shall be deemed terminated as of the Termination Date as if such date were the Expiration Date hereunder.

ARTICLE 21.

Insurance.

Subtenant shall obtain and keep in full force and effect during the term of this Sublease at its own cost and expense comprehensive public liability and property damage insurance and any other type of insurance required by the Underlying Lease, in the form and amounts required by the Underlying Lease, naming Prime Landlord, its managing agent, all senior interest holders of Prime Landlord designated by Prime Landlord, Sublessor and Subtenant as additional insureds against any and all claims for personal injury, death or property damage occurring in, upon, adjacent to, or connected with the Subleased Premises or any part thereof. Said insurance is to be written in form reasonably satisfactory to Sublessor and required under the Underlying Lease, by good and solvent insurance companies of recognized standing, admitted to do business in the State of New York, as otherwise as required under the Underlying Lease, and which shall be reasonably satisfactory to Sublessor. Subtenant shall pay all premiums and charges therefor and upon failure to do so Sublessor may, but shall not be obligated to, make such payment, in which event Subtenant agrees to pay the amount thereof to Sublessor on demand, as additional rent. Such policies: (a) shall contain a provision that no act or omission of Subtenant will affect or limit the obligation of the insurance company to pay the amount of any loss sustained; and (b) shall be noncancellable except upon thirty (30) days' advance written notice to Sublessor (or as the policy shall otherwise provide).

ARTICLE 22.

Broker.

Subtenant and Sublessor warrant and represent to each other that they have dealt with no broker in consummating this Sublease other than Savills Studley (the "**Broker**"). Subtenant shall pay any and all commissions, fees and other amounts payable to the Broker arising from the consummation of this Sublease pursuant to a separate written agreement. Sublessor agrees to indemnify and hold harmless Subtenant against and from any claims for any brokerage commissions and all costs, expenses and liabilities in connection therewith, including reasonable attorneys' fees and expenses, arising out of any conversations or negotiations had by Sublessor with any broker (other than the Broker). Subtenant agrees to indemnify and hold harmless Sublessor against and from any claims for any brokerage commissions and all costs, expenses and liabilities in connection therewith, including reasonable attorneys' fees and expenses, arising out of any conversations or negotiations had by Subtenant with any broker (including, without limitation, the Broker). The provisions of this Article shall survive any termination of this Sublease. This Article supersedes the incorporation by reference of Article 37 of the Underlying Lease.

ARTICLE 23.

Security and Guaranty.

Section 23.01  Upon execution hereof, Subtenant shall deposit with Sublessor a security deposit in the sum of $36,000.00 as security ("**Security**") for the faithful performance and

10

observance by Subtenant of the terms, provisions and conditions of this Sublease; it is agreed that in the event Subtenant defaults in respect of any of the terms, provisions and conditions of this Sublease, including, but not limited to, the payment of fixed rent and additional rent, Sublessor may use, apply or retain the whole or any part of the Security so deposited to the extent required for the payment of any fixed rent and additional rent or any other sum as to which Subtenant is in default or for any sum which Sublessor may expend or may be required to expend by reason of Subtenant's default in respect of any of the terms, covenants and conditions of this Sublease, including, but not limited to, any damages or deficiency in the re-letting of the Subleased Premises, whether such damages or deficiency accrued before or after summary proceeding or other re-entry by Sublessor. In the event Sublessor applies or retains all or any portion of the Security, Subtenant shall immediately upon Sublessor's demand restore the Security so applied so that Sublessor has on deposit the full amount of the Security. In the event that Subtenant shall fully and faithfully comply with all of the terms, provisions, covenants and conditions of this Sublease, the Security shall be returned to Subtenant within ten (10) days after the date fixed as the end of this Sublease and after delivery of entire possession of the Subleased Premises to Sublessor. In the event of any assignment of the Underlying Lease, Sublessor shall have the right to transfer the Security to the new Sublessor and Sublessor shall thereupon be released by Subtenant from all liability for the return of such Security, and it is agreed that the provisions hereof shall apply to every transfer or assignment made of the Security to a new Sublessor, provided that the assignee acknowledges receipt of such security in writing. Subtenant further covenants that it will not assign or encumber or attempt to assign or encumber the monies deposited herein as security and that neither Sublessor nor its successors or assigns shall be bound by any such assignment, encumbrance, attempted assignment or attempted encumbrance.

Section 23.02 Upon execution of this Sublease, Subtenant shall cause The Native SA, Subtenant's parent company, to execute and deliver to Sublessor, its successors and assigns, a guaranty in the form attached hereto as Exhibit A.

ARTICLE 24.

Surrender of Premises and Holdover.

Subtenant expressly waives, for itself and for any person claiming through or under Subtenant, any rights which Subtenant or any such person may have under the provisions of Section 2201 of the New York Civil Practice Law and Rules and of any similar or successor law of same import then in force, in connection with any holdover proceedings which Sublessor may institute to enforce the provisions of this Sublease. At the Expiration Date or earlier termination of this Sublease, Subtenant shall surrender the Subleased Premises to Sublessor, broom clean and in the condition same was delivered to Subtenant, reasonable wear and tear excepted. Subtenant shall remove from the Subleased Premises on or prior to the Expiration Date or earlier termination of this Sublease all of Tenant's furniture, equipment and personal property and shall repair any damage caused by such removal. Property not so removed shall become the property of Sublessor. If the Subleased Premises are not surrendered upon the termination of this Sublease, Subtenant hereby indemnifies Sublessor against liability resulting from delay by Subtenant in so surrendering the Subleased Premises. In the event Subtenant remains in possession of the Subleased Premises after the termination of this Sublease without the execution of a new sublease, Subtenant, at the option of Sublessor, shall be deemed to be occupying the

11

Subleased Premises as a subtenant from month to month, at a monthly rental equal to two (2) times the sum of (i) the monthly installment of fixed rent payable during the last month of the term of this Sublease, and (ii) one-twelfth (1/12th) of the additional rent payable during the last year of the term of this Sublease, subject to all of the other terms of this Sublease insofar as the same are applicable to a month-to-month subtenancy.  Subtenant's obligations under this Paragraph shall survive the expiration or sooner termination of this Sublease.

## ARTICLE 25.

## Miscellaneous.

Section 25.01  Subject to the Underlying Lease and any casualty or condemnation, force majeure event, security requirements, and service interruptions, Subtenant shall have access to the Subleased Premises twenty four (24) hours a day, seven (7) days a week during the Term.

Section 25.02  All issues and questions concerning the application, construction, validity, interpretation and enforcement of this Sublease shall be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to any choice or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of laws of any jurisdiction other than those of the State of New York.

Section 25.03  The marginal notes in this instrument are used for convenience in finding the subject matters, and are not to be taken as part of this instrument; or to be used in determining the intent of the parties, or otherwise interpreting this instrument. Delivery of a copy of this letter, bearing an original signature by facsimile transmission or by electronic mail in "portable document format" will have the same effect as physical delivery of the paper document bearing the original signature.

Section 25.04  This Sublease shall apply to and bind the respective heirs, distributees, executors, administrators, successors and assigns of the parties hereto but this Section shall not be construed as a consent to any assignment or subletting by the Subtenant.

Section 25.05  This Sublease may be executed in any number of counterparts, each of which shall be effective as an original, and the counterparts shall constitute one instrument. Each counterpart may be delivered by electronic transmission. A facsimile, PDF or similar electronic transmission of a counterpart signed by a party hereto shall be regarded as signed by such party for purposes hereof and shall have the same effect as delivery of the original.

Section 25.06  Sublessor represents and warrants as of the date hereof that:  (i) the redacted copy of the Underlying Lease furnished by Sublessor and attached hereto as Exhibit B constitutes, except for the redacted position, a true, complete and correct copy of the Underlying Lease and that the Underlying Lease is in full force and effect, (ii) there are no amendments, modifications, or supplemental agreements regarding the Underlying Lease that affect the Subleased Premises other than those attached to the Underlying Lease and Sublessor covenants not to modify or amend the Underlying Lease in any way that would increase Subtenant's obligations (other than to a de minimis extent) hereunder without Subtenant's consent, which

12

shall not be unreasonably withheld or delayed; and (iii) Sublessor has not received notice of any default from the Prime Landlord under the Underlying Lease which remains uncured and, to Sublessor's knowledge, Sublessor is not in default under the Underlying Lease.

Section 25.07 Except to the extent caused by, due to, or arising from Subtenant's, or its employees', occupants', agents' or contractors' negligence or willful misconduct or Subtenant's failure to perform its obligations under this Sublease, Sublessor shall, during the Term of this Sublease, indemnify and hold harmless Subtenant from and against all liabilities, losses, obligations, damages, penalties, claims, actual out-of-pocket costs and expenses (including, without limitation, reasonable attorneys' fees) which are paid, suffered or incurred by Subtenant directly due to Sublessor's failure to comply with its obligations required under the Underlying Lease.

Section 25.08  Sublessee shall be permitted to install its signage (on the main entrance door and windows of the Subleased Premises, subject to the terms of the Underlying Lease. If Prime Landlord consents to Subtenant's signage, then Sublessor's consent shall be deemed given.

Section 25.09   Sublessor and Subtenant hereby acknowledge and agree that Zukerman Gore Brandeis & Crossman, LLP shall serve as escrow agent under this Sublease ("**Escrow Agent**").  On the Effective Date, Subtenant shall deliver to Escrow Agent and Escrow Agent shall hold in escrow, two (2) checks, one for each of: (a) the Security due under Article 23 of this Sublease and (b) the first month's rent payment due under Section 6.02 of this Sublease (collectively, the "**Sublease Checks**").  Escrow Agent shall dispose of the Sublease Checks as follows: (i) on the Commencement Date, to Sublessor and (ii) in the event the Commencement Date does not occur and this Sublease is terminated pursuant to Article 18 of this Agreement, to Subtenant.

13

IN WITNESS WHEREOF, this Sublease has been duly executed on the day and year first hereinabove written.

SUBLESSOR:

**LISA COOLEY, LLC**

By: _LISA COOLEY_____
Name: LISA COOLEY
Title: OWNER, LISA COOLEY LLC

SUBTENANT:

**P8H, INC.**

By: _____
Name: ALEXANDER CILLO
Title: PRESIDENT

ACKNOWLEDGED AND AGREED SOLELY WITH RESPECT TO SECTION 25.09:

ZUKERMAN GORE BRANDEIS &
CROSSMAN, LLP

By: _____
Name:
Title:

14

STATE OF NEW YORK:   )
                      ) ss.:
COUNTY OF NEW YORK  )

On the _7__day of __Mun____ in the year 2018 before me, the undersigned, a Notary Public in and for said state, personally appeared_____ personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_____
Notary Public

JEFFREY D. ZUKERMAN
Notary Public, State of New York
No. 02ZU4812433
Qualified in New York County
Certificate Filed in New York County
Commission Expires Feb. 6, 20__

STATE OF NEW YORK:   )
                      ) ss.:
COUNTY OF NEW YORK  )

On the 13th day of __March__ in the year 2018 before me, the undersigned, a Notary Public in and for said state, personally appeared __Lisa Cooley__ personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_____
Notary Public

GENTA STAFAJ
Notary Public, State of New York
Qualified in Richmond County
Registration # 01ST6258870
Commission Expires April 02, 2020

15

4503452-7

EXHIBIT A

GUARANTY

For value received, THE NATIVE SA, having an office at Rue Du Grand Chene 9, 1003 Lausanne, Switzerland ("Guarantor"), absolutely and unconditionally guarantees the payment and performance when due by P8H, INC. (d/b/a Paddle8), a Delaware corporation ("Subtenant") of obligation for payment of fixed rent, additional rent and any sum due under the Sublease (the "Sublease Obligations") of Subtenant pursuant to that certain Agreement of Sublease dated as of the _____ day of March, 2018, by and between LISA COOLEY, LLC ("Sublessor"), having an address at 258 Wyckoff Street, No. 3, Brooklyn, New York 11217, and Subtenant, whereby Subtenant has leased from Sublessor the entire building located at 107 Norfolk Street, New York, New York 10002 (the "Demised Premises"), as the same may hereafter be amended, modified, renewed, or extended from time to time (the "Sublease") applicable to Subtenant, with the same force and effect as if a signatory thereto and liable thereunder with Subtenant, and the full and prompt payment of all damages and expenses that may arise in connection with or as a consequence of the non-payment, non-performance or non-observance of such terms, covenants, conditions and agreements, in each and every instance without requiring any notice of non-payment, non-performance or non-observance or proof or notice or demand whereby to charge Guarantor therefor, all of which Guarantor hereby expressly waives. Guarantor further hereby agrees to pay, within five (5) days upon demand, all of Sublessor's costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with the enforcement of this Guaranty.

This Guaranty is a continuing one and shall terminate only upon the full payment of all Sublease Obligations of Subtenant with respect to the Sublease. Sublessor may continue to rely on this Guaranty remaining in force.

As a further inducement to Sublessor to enter into the Sublease and in consideration thereof, Guarantor covenants and agrees that, in any action or proceeding brought by either Sublessor or Guarantor against the other on any matters whatsoever arising out of, under, or by virtue of the terms of the Sublease or of this Guaranty, Sublessor and Guarantor shall and do hereby waive trial by jury. Guarantor does hereby further covenant and agree to and with Sublessor that Guarantor may be joined in any action against Subtenant in such action or in any independent action against Guarantor without Sublessor first pursuing or exhausting any remedy or claims against Subtenant or its successors or assigns. Notwithstanding anything herein to the contrary, Sublessor may not proceed against Guarantor unless it has provided Subtenant with notice of a default and an opportunity to cure, only if the Sublease provides for an opportunity to cure. Guarantor also agrees that, in any jurisdiction, it will be conclusively bound by the judgment in any such action by Sublessor against Subtenant wherever brought as if Guarantor were a party to such action, even though Guarantor is not joined as a party in such action.

Guarantor hereby authorizes the parties to the Sublease without notice or demand and without affecting Guarantor's liability hereunder, to:

       a. change any of the terms, covenants, conditions or provisions of the Sublease;

16

b.  amend, modify, change or supplement the Sublease; and

c. consent to Subtenant's assignment or other transfer of its interest in the Sublease.

Guarantor waives any right to require Sublessor:

a.  to pursue any other remedy in Sublessor's power whatsoever; and/or

b.  to notify Guarantor of any default by Subtenant in the performance of any term, covenant or condition required to be kept, observed or performed by Subtenant.

Guarantor waives all presentments, demands for performance, notices of nonperformance, protests, notices of dishonor and notices of acceptance of this Guaranty.

The obligations of the Guarantor hereunder are independent of the obligations of Subtenant under the Sublease.  Sublessor, at its option, may proceed in the first instance against the Guarantor to collect any obligation covered by this Guaranty, whether or not an action is brought against Subtenant, or any other person, firm or corporation, or whether or not Subtenant be joined in any such action or actions.

The whole of this Guaranty is herein set forth, and there is no verbal or written agreement, and no understanding or custom affecting the terms hereof.  This Guaranty can be modified only by a written instrument signed by the party to be charged therewith.

Any notice of other communication hereunder must be in writing and will be deemed duly served on the date it is mailed by registered or certified mail in any post office station or letter box in the continental United States or via overnight courier service, addressed if to Guarantor, to the address of Guarantor set forth herein or such other address as Guarantor shall have last designated by notice to Sublessor, and addressed if to Sublessor, to it at 258 Wyckoff Street, No. 3, Brooklyn, New York 11217, with a copy to Sublessor's counsel at the following address:

> Olshan Frome Wolosky LLP
> 1325 Avenue of the Americas,
> New York, New York 10019
> Attn: Thomas D. Kearns, Esq.

or at such other address as Sublessor shall have last designated by notice to Guarantor.

17

The Guaranty is an absolute, unconditional and continuing guaranty of payment of all Sublease Obligations, and is enforceable against Guarantor without regard to the enforceability of any of the Sublease Obligations against Subtenant. Provided and on the condition there exists no default under the Sublease by Subtenant on the Vacate Date, Guarantor's liability pursuant to this Guaranty shall be limited to: (X) the sum of the Sublease Obligations which accrue up to the date that is sixty (60) days after the last to occur of: (such date, the "Surrender Date"): (a) Subtenant vacating the Subleased Premises; (b) Subtenant removing its property from the Subleased Premises; (c) Subtenant delivering the keys to Sublessor and surrendering the Subleased Premises in the condition required under the Sublease, and (d) the expiration of sixty (60) days after Subtenant has given Sublessor written notice pursuant to the terms of the Sublease that it will surrender possession of the Subleased Premises, and (Y) all costs and expenses incurred by Sublessor in connection with the enforcement of this Guaranty, including, without limitation, reasonable attorneys' fees. Guarantor waives any defense to Guarantor's obligations under this Guaranty based upon any such act or event and acknowledges that it is the purpose and intent of Guarantor and Sublessor that the obligations of Guarantor under this Guaranty shall be absolute and unconditional under all circumstances. Guarantor's obligations under this Guaranty shall be unaffected by any change in the provisions of any agreement, instrument, or document evidencing or affecting any of the Sublease Obligations, by any extension of time for payment or performance of any of the Sublease Obligations, by failure of Sublessor to perfect any security for payment or performance of any of the Sublease Obligations, by any partial or full release of any security for payment or performance of any of the Sublease Obligations, by the obtaining of any additional guarantor or any surety with respect to the Sublease Obligations, whether made with or without notice to Guarantor. The release of Subtenant from any of the Sublease Obligations as a result of any court judgment or decree (in bankruptcy, reorganization, or otherwise) shall not relieve Guarantor of Guarantor's obligations under this Guaranty. No act of commission or omission of any kind by Sublessor (including without limitation any act or omission which impairs, reduces the value of, releases or fails to perfect a lien upon, any collateral for or guarantee of any obligations guaranteed hereby) shall affect or impair the obligations of the undersigned hereunder in any manner.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment is returned by Sublessor upon the insolvency, bankruptcy or reorganization of Subtenant or otherwise, all as though such payment had not been made.

No delay by Sublessor in exercising any of its options, powers or rights or partial or single exercise thereof shall constitute a waiver thereof. No waiver of any of Sublessor's rights hereunder and no modification or amendment of this Guaranty shall be deemed to be made by Sublessor unless the same shall be in writing, duly signed on Sublessor's behalf, and each such waiver (if any) shall apply only with respect to the specific instance involved and shall in no way impair Sublessor's rights or the obligations of the undersigned to Sublessor in any other respect at any other time. This Guaranty cannot be changed or terminated orally. In case any one or more of the provisions hereof should be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions hereof shall not be affected or impaired thereby.

Guarantor represents that this Guaranty has been properly authorized, is within its corporate powers to give, and is valid, binding and enforceable against Guarantor in accordance

18

with the terms hereof.

This Guaranty shall be deemed to have been made in the State of New York and shall be construed in accordance with the laws of the State of New York.

This Guaranty shall be binding on Guarantor, its successors, and assigns. This Guaranty shall be understood to be for the benefit of Sublessor and for such other person or persons as may from time to time become or be the successor Sublessor under the Sublease and this Guaranty shall be transferable to the same extent and with the same force and effect as any such Sublease may be transferable.

Guarantor hereby (a) irrevocably consents and submits to the jurisdiction of any Federal or state court sitting in the State of New York in respect to any action or proceeding brought therein by Sublessor against Guarantor concerning any matters arising out of or in any way relating to this Guaranty; (b) irrevocably waives personal service of any summons and complaint and consents to the service upon it of process in any such action or proceeding by transmittal of process to Guarantor (i) at the address set forth herein by any recognized international courier service so as to be received within five (5) Business Days of transmittal and/or (ii) upon Zukerman Gore Brandeis & Crossman, LLP, a law firm having offices in Manhattan, New York, which firm Guarantor irrevocably designates to accept service of any process on Guarantor's behalf, and hereby agrees that such service shall be deemed sufficient; (c) irrevocably waives all objections as to venue and any and all rights it may have to seek a change of venue with respect to any such action or proceedings; (d) agrees that the laws of the State of New York shall govern in any such action or proceeding and waives any defense to any action or proceeding granted by the laws of any other country or jurisdiction unless such defense is also allowed by the laws of the State of New York; and (e) agrees that any final judgment rendered against it in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law. Guarantor further agrees that any action or proceeding by Guarantor against Sublessor in respect to any matters arising out of or in any way relating to this Guaranty shall be brought only in the State of New York, County of New York. In furtherance of the foregoing, Guarantor hereby agrees that its address for notices by Sublessor and service of process under this Guaranty shall be care of Subtenant at the Demised Premises. Notwithstanding the foregoing provisions of this Paragraph, Guarantor may, by prior written notice to Sublessor, change the designated agent for acceptance of service of process to any other law firm located in the City, County and State of New York.

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the day and year first above written.

THE NATIVE SA

By: _____

Name:

Title:

STATE OF                          )
                                  )  ss.:
COUNTY OF                         )

On this _____ day of _____, in the year 2018, before me, the undersigned, a Notary Public in and said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

Notary Public

20

EXHIBIT B

REDACTED COPY OF UNDERLYING LEASE

4503452-7