UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA COOLEY, LLC

     Plaintiff,      No. 20-cv 5800 (VEC)

V.            REPLY DECLARATION OF
              SERGE UMANSKY IN SUPPORT
THE NATIVE, S.A.      OF MOTION TO DISMISS

     Defendant.

I, Serge Umansky, declare and state under 28 U.S.C. § 1746 as follows:

1.  I submit this declaration in further support of the motion filed by defendant, The Native, S.A., seeking to dismiss the complaint filed by plaintiff, Lisa Cooley, LLC ("Plaintiff"). I submit this declaration based on my own personal knowledge and subject to the special appearance being made by The Native to contest service of process and jurisdiction.

2.  From July 2017 until June 2018, I was the Vice-Chairman of the board of directors of The Native.

3.  I have recently been informed by The Native's counsel that Plaintiff is attempting to rely on a March 1, 2018 email from Izabela Depczyk. In that email, Ms. Depczyk claims that she discussed the guarantee at issue in this case with The Native's board of directors. I have reviewed this email. I believe that this statement by Ms. Depczyk is incorrect. When this email was sent, I was Vice-Chairman of the board of directors of The Native, and I did not have any discussions with Ms. Depczyk regarding the guarantee during any board meetings or otherwise.

4.  Plaintiff also argues that The Native's board of directors apparently "relented" and approved a full guarantee. This too is incorrect. The guarantee was never presented or

described to the board for its consideration, and the board never had the opportunity to approve the guarantee, and did not approve it.

5.      Mr. Skatershchikov did not have The Native's authority to enter into the guarantee. There is no way that he could have bound the company with a single signature given the dual signature requirement disclosed on The Native's Swiss Commercial Registry entry.

6.      I have recently been informed of Plaintiff's allegation that The Native used an office space located at 107 Norfolk Street in Manhattan. Plaintiff is incorrect. P8H, Inc., d/b/a Paddle8 maintained its office at 107 Norfolk Street. Only Paddle8 rented, used, and possessed that space. Additionally, only Paddle8 – not the Native – conducted business in New York out of that space.

7.      I am not aware of any employees of The Native maintaining a desk at 107 Norfolk Street or using that space to conduct business of The Native. I have never maintained a desk at that space, and I have never used that space for any purpose.

8.      Although The Native has sometimes described 107 Norfolk Street as one of its offices, this was only because The Native had aspirations of growing its presence in New York and using that space in the future. Those aspirations never became a reality.

9.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 5th day of February 2021 in London, England.

_____

Serge Umansky