UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA COOLEY, LLC<br><br>                    Plaintiff,<br><br>v.<br><br>THE NATIVE, S.A.<br><br>                    Defendant. | No. 20-cv-5800 (VEC)<br><br>REPLY DECLARATION OF VICTOR IEZUITOV IN SUPPORT OF MOTION TO DISMISS |

I, Victor Iezuitov, declare and state under 28 U.S.C. § 1746 as follows:

1.      I submit this declaration in further support of the motion filed by defendant, The Native, S.A. ("The Native"), seeking to dismiss the Complaint filed by plaintiff, Lisa Cooley, LLC. I submit this declaration based on my own personal knowledge, and subject to the special appearance being made by The Native to contest service of process and jurisdiction.

2.      From July 2017 to June 2019, I served as The Native's Chief Financial Officer. From July 2019 through the present, I have served as a member of the board of directors of The Native.

3.      I have recently learned of Plaintiff's claim that The Native used an office space located at 107 Norfolk Street in Manhattan (the "Premises"). Plaintiff is incorrect.

4.      For a short time, The Native held a minority, non-controlling interest in P8H, Inc., d/b/a Paddle8 ("Paddle8"). In December 2017, The Native entered into an agreement regarding that interest. And, in March 2020, all of The Native's interests in Paddle8 were sold. This was The Native's first and only investment in an entity that conducted business in the United States. The Native did not have a "joint venture" with Paddle8 as Plaintiff claims.

5.      Paddle8 sublet the Premises. Only Paddle8 rented, used, and possessed the Premises. Only Paddle8 – not the Native – conducted business in New York using the Premises.

1

6. The Native has never owned, rented, maintained or used the Premises or any office in New York.

7. The Native has never had employees based out of New York.

8. The Native has never conducted business in New York, other than holding its minority investment in Paddle8.

9. I have never been to the Premises, maintained a desk at the Premises, or used the Premises for any purpose.

10. Although The Native's website and some other documents list 107 Norfolk Street as one of its offices, this was only because The Native had aspirations of growing its presence in New York and using that space in the future. Those aspirations never became a reality.

11. Instead of growing, The Native had to significantly curtail its operations. In fact, in 2020, The Native became involved in bankruptcy proceedings in Switzerland and its assets are still under the administration of a Swiss bankruptcy trustee.

12. After the complaint was filed, I learned that Paddle8 was represented by Jeffrey Zukerman of Zukerman Gore Brandeis & Crossman, LLP in connection with the sublease that it entered into with Plaintiff. Mr. Zukerman did not represent The Native in connection with the sublease or the purported guarantee that is at issue here.

13. Plaintiff cites an email related to the guarantee that copies Christian Eich, the Swiss attorney who submitted a declaration in support of this motion to dismiss. Mr. Eich did not represent The Native in connection with the purported guarantee, and did not bring the guarantee to the board's attention.

3

14. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of February 2021 in Lausanne, Switzerland.

_____
Victor Iezuitov